Manuel TREVINO et al., Relators,

v.

A. V. BARRERA et al., Respondents.

No. 15617.

Court of Civil Appeals of Texas,
San Antonio.

March 24, 1976.

R. E. Lopez, Jr., Alice, for relators.

Ricardo H. Garcia, San Diego, for respondents.

CADENA, Justice.

Relators, Manuel Trevino, Lazaro Vela and Roberto Hinojosa filed a petition for a writ of mandamus ordering Respondent, A. V. Barrera, Chairman of the Executive Committee of the Democratic Party in Duval County, and the members of such Executive Committee, to place their names on the ballot for the Democratic Primary to be held May 1, 1976, as candidates for that party's nomination for the office of County Treasurer of such County. By the same petition, Relators, Edmundo A. Cantu, Alejandro Martinez and Jose Benito Canales sought a writ of mandamus compelling such Chairman to place their names on the primary ballot as candidates for the Democratic Party's nomination for the office of County Commissioner, Precinct 4, of Duval County.

Subsequently, petitioners amended their petition by adding a prayer that, should this Court find that the offices of County Treasurer and County Commissioner, Precinct 4, are not vacant, a writ of mandamus be issued compelling the Hon. Darrell Hester, acting as Presiding Judge for the 229th Judicial District Court of Duval County, to enter an order declaring the two offices vacant since each of the persons elected to such offices has been convicted of a felony.

Relators rely on Article 5968, Tex.Rev. Civ.Stat.Ann., which reads: "All convictions by a petit jury of any county officers for any felony, or for any misdemeanor involving official misconduct, shall work an immediate removal from office of the officer so convicted. Each such judgment of conviction shall embody within it an order removing such officer."

On October 15, 1975, Felipe Valerio, County Commissioner of Precinct 4, entered a plea of nollo contendere to a charge of official misconduct (see Tex.Pen.Code Ann., Secs. 1.07, 39.01). After he had waived his right to a jury trial, evidence was heard and the district court entered judgment finding him guilty of the offense charged in the indictment and setting his punishment, confinement for a period of 5 years. The judgment then recited that Valerio's application for probation was granted, and the "imposition of sentence" was postponed for a period of 10 years. One of the terms of probation was that Valerio, "[f]or a period of ten (10) years from the date of this Judgment . . . shall not seek, accept, nor hold any position, job or office by virtue of which he would be a 'public servant' as that term is defined by Section 1.07, Subsection 30, of the Penal Code of the State of Texas." The judgment contained no order expressly removing Valerio from the office of County Commissioner.

On December 15, 1975, Manuel Cruz Solis, Sr., County Treasurer, entered a plea of guilty to a charge of official misconduct. After he had waived his right to a jury trial and evidence was introduced, the court entered judgment finding him guilty of the offense charged and placing him on probation for a period of 10 years. In all other respects relevant to this proceeding, the judgment was similar to the judgment in the Valerio case.

Previously, on October 24, 1975, in a civil action initiated under the provisions of Articles 5970, et seq., Tex.Rev.Civ.Stat.Ann., seeking removal of Valerio from the office of County Commissioner, Precinct 4, the court entered an order temporarily suspending Valerio from such office and appointing another person to perform the duties of such office during such period of temporary suspension of Valerio. No final order permanently removing Valerio from such office has been entered.

On December 15, 1975, in a civil action seeking the removal of Solis from the office of County Treasurer, the court entered an order temporarily suspending Solis from such office. No final order of removal has been entered in such removal suit.

As far as the record reflects, no hearings have been held relating to the permanent removal of Valerio or Solis.

We consider first the petition seeking an order of this Court compelling Judge Hester

to enter an order permanently removing Valerio and Solis from the offices to which they were elected. Relators' specific prayer is that we compel the entry of such order in the civil removal suits. It is clear that this portion of the relief sought by relators must be denied.

Where a civil suit seeking the removal of a public officer is filed, the officer is entitled to a jury trial. Article 5, Sec. 24, Tex.Const.Ann.; Article 5971, Tex.Rev.Civ. Stat.Ann. We are not willing to hold that the waiver by Valerio and Solis of their right to a jury trial in the criminal cases constituted a waiver of their right to a jury trial in the separate civil removal suits. Nor can it be doubted that Valerio and Solis have a right to be heard in the removal suits and to present evidence. We know of no constitutional provision, statute or judicial decision authorizing us to compel a trial judge to enter judgment without a hearing.

The prayer for mandamus directed to the Duval County Democratic Chairman does not lend itself to such facile disposition.

Article 5968, on which relators rely, by its express terms, provides for automatic removal upon "conviction by a petit jury." The county chairman's refusal to place relators' names on the ballot appears, at first blush, to be correct, since Valerio and Solis have not been removed from office as a result of a civil suit seeking their removal, nor have they been convicted by a jury, as seemingly required as a condition precedent to automatic removal under Article 5968. However, we conclude that the conviction of Valerio and Solis of offenses of the grade or felony resulted in their automatic removal from their offices.

Article 5968 was enacted in 1876. At that time and, in fact, until 1931, it was not possible for an accused to waive the right of trial by jury in a felony prosecution. This fact was expressly recognized by the Legislature when, in 1931, it made it possible for a person charged with a felony to waive his right to a jury upon a plea of guilty. Acts, 1931, 42d Leg., ch. 43, p. 65. The validity of a statute permitting the waiver of the constitutional right of trial by jury is beyond question. *Bolton v. State,* 123 Tex.Cr.R. 543, 59 S.W.2d 833 (1933).

If a constitutional right can be waived, it cannot be persuasively argued that a right granted by statute cannot be voluntarily relinquished. Therefore, the right of a public official accused of a felony to insist on conviction by a jury as a condition precedent to giving to such conviction the effect of automatically removing him from office may be waived. Since both Valerio and Solis waived the right to a jury trial, they voluntarily waived the right to now insist that the conviction did not effect their automatic removal from office because they were not found guilty by a jury.

We conclude that the judgments of conviction automatically removed Valerio and Solis from the offices which they formerly held.

We are, of course, not overlooking the provision in Article 5968 directing that the judgment of conviction shall include an order removing the convicted officer from office. It would, perhaps, be possible to construe that provision of the judgments prohibiting Valerio and Solis, during the probationary periods, from holding "any position, job or office" amounts to an effective removal of Valerio and Solis from office, since if they are now "holding" office this would amount to a violation of the terms of their probation. Aside from this, we hold that the statutory direction concerning the contents of the judgment does not constitute a condition precedent to the removal. The removal, according to the statute, results automatically from the fact of conviction, and not from the recital in the judgment which merely reflects the effect of such conviction. The legislative direction that the judgment recite the fact of removal can be reasonably construed as merely providing an official record of such removal.

Relators' petition for a writ of mandamus directed to the Hon. Darrell Hester is denied. The petition for a writ of mandamus ordering the Chairman of the Democratic

Executive Committee of Duval County, and the members of such Executive Committee, to place relators' names on the ballot for the Democratic Party primary election to be held in Duval County on May 1, 1976, is granted.

Respondent, A. V. Barrera, Chairman of the Executive Committee of the Democratic Party for Duval County, and respondents, Rolando Lopez, Victoriano Casas, Anastacio Barrera, Adan Garcia, Adolio Briones, Ken Bercaw, Santiago Sanchez, Anthony Cubriel, Diamantina S. Davila, and Amelia A. Garcia, members of the Executive Committee of the Democratic Party for Duval County, are ordered to place on the ballot for the Primary Election of the Democratic Party to be held in Duval County on May 1, 1976, the names of Manuel Trevino, Lazaro Vela, and Roberto Hinojosa, as candidates for the nomination of the Democratic Party for the office of County Treasurer of Duval County, Texas, and the names of Edmundo A. Cantu, Alejandro Martinez and Jose Benito Canales as candidates for the nomination of the Democratic Party for the office of County Commissioner, Precinct 4, of Duval County, Texas.

Since the Court is confident that its order will be complied with without the necessity of issuing and serving upon such respondents a writ of mandamus, the Clerk of this Court is directed not to issue and serve such writ unless respondents fail to comply with the order of this Court.

Relators' petition for mandamus directed to Alberto Garcia in his capacity as County Clerk of Duval County is denied.

Relators shall pay one-sixth of the costs incurred in this proceeding. Respondents, except the Hon. Darrell Hester and Alberto Garcia, shall pay the remaining five-sixths of such costs.