**Michael SULLIVAN, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6798.**

Court of Civil Appeals of Texas, El Paso.

Oct. 11, 1978.

Rehearing Denied Oct. 18, 1978.

Joseph A. Calamia, Charles Michael Mallin, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., Thomas W. Chellis, Asst. Dist. Atty., El Paso, for appellee.

## OPINION

OSBORN, Justice.

This is an appeal from a quo warranto proceeding in the 41st District Court of El Paso County holding (1) that Article 5968, Tex.Rev.Civ.Stat.Ann., is constitutional, and (2) that the office of Sheriff of El Paso County became vacant on June 21, 1978. We affirm.

Michael Sullivan, Jr., the duly elected Sheriff of El Paso County, was indicted on two counts on February 23, 1978, for official misconduct in connection with work done at his home by County employees. The following day, a suit was filed by the District Attorney in the 171st District Court seeking to have the Sheriff removed from office. In subsequent proceedings, the Texas Supreme Court held that the presiding Judge was disqualified to hear and determine a motion for temporary suspension from office. *Sullivan v. Berliner*, 568 S.W.2d 844 (Tex.1978).

The Honorable Fred Shannon was assigned to hear the case and proceeded to hear the motion for temporary removal in May, 1978. After hearing evidence, Judge Shannon announced in open Court that he had made a proposal concerning which he said "I believe, serves the ends of justice in this case, both to the citizens of El Paso County and to Defendant Sullivan." The proposal was accepted by the Defendant, and the District Attorney took no position on the proposal either by reply or objection. The proposal was:

"Number one, Sheriff Sullivan will plead guilty to two counts of official misconduct under Section 39.01(a)(1) of the Texas Penal Code, which offense constitutes Class A misdemeanors.

"Number two, Sheriff Sullivan will receive a punishment, or as punishment, a fine of $500 for each of the two counts, or a total of $1000, and shall make full restitution to El Paso County of all sums spent by the County on labor and materials utilized for the Sheriff's benefit as alleged by the indictments. That total sum is $840, consisting of $480 for labor and $360 for materials.

"Three, felony indictments brought in the two criminal cases will be answered by [sic] the defendant's plea to the lesser included offense of official misconduct, which I set out in point one.

"Number four, the Sheriff will not be removed from office by this Court, but will continue in office subject to the will of the voters at the next election for the office of Sheriff of El Paso County."

The Judge also announced that the removal case would be dismissed with prejudice. Immediately thereafter, Sheriff Sullivan

entered a plea of guilty to the offenses of official misconduct under Section 39.01(a)(1) of the Texas Penal Code on the two counts set forth in the indictments. Judgments were entered on May 22, 1978, in the two criminal cases. The Defendant did not appeal. On May 25, 1978, an order of dismissal with prejudice was entered in the civil case. The State did not appeal.

On August 3, 1978, the District Attorney filed a quo warranto proceeding in the 41st District Court seeking a determination that the office of Sheriff was vacant under the provisions of Article 5968, Tex.Rev.Civ.Stat. Ann. Judge Walter Loughridge was assigned to hear the case and after hearing the evidence entered the order from which this appeal arises.

The Appellant presents four points of error asserting that (1) Article 5968 is not applicable because there was no conviction by a petit jury; (2) Article 5968 is unconstitutional; (3) the quo warranto judgment violates the plea bargain agreement; and (4) the doctrine of res judicata bars the removal of Sheriff Sullivan from office.

■ The basic contention under the first point is that Article 5968 requires a conviction by a petit jury and a plea before the Court does not meet the statutory requirement. Article 5968 provides:

"All convictions by a petit jury of any county officers for any felony, or for any misdemeanor involving official misconduct, shall work an immediate removal from office of the officer so convicted. Each such judgment of conviction shall embody within it an order removing such officer."

The argument presented here was also made in *Trevino v. Barrera,* 536 S.W.2d 75 (Tex.Civ.App.—San Antonio 1976, no writ). In that case, a mandamus was filed to require the chairman of the executive committee of the Democratic Party in Duval County to place certain names on the ballot for county treasurer and county commissioner. The two persons who had held such offices had previously been found guilty of charges of official misconduct in cases where they waived a jury and the evidence

was heard by the district Judge. In addressing the same issue now before this Court, Justice Cadena said:

"Article 5968, on which relators rely, by its express terms, provides for automatic removal upon 'conviction by a petit jury.' The county chairman's refusal to place relators' names on the ballot appears, at first blush, to be correct, since Valerio and Solis have not been removed from office as a result of a civil suit seeking their removal, nor have they been convicted by a jury, as seemingly required as a condition precedent to automatic removal under Article 5968. However, we conclude that the conviction of Valerio and Solis of offenses of the grade or felony resulted in their automatic removal from their offices.

"Article 5968 was enacted in 1876. At that time and, in fact, until 1931, it was not possible for an accused to waive the right of trial by jury in a felony prosecution. This fact was expressly recognized by the Legislature when, in 1931, it made it possible for a person charged with a felony to waive his right to a jury upon a plea of guilty. Acts, 1931, 42d Leg., ch. 43, p. 65. The validity of a statute permitting the waiver of the constitutional right of trial by jury is beyond question. *Bolton v. State,* 123 Tex.Cr.R. 543, 59 S.W.2d 833 (1933).

"If a constitutional right can be waived, it cannot be persuasively argued that a right granted by statute cannot be voluntarily relinquished. Therefore, the right of a public official accused of a felony to insist on conviction by a jury as a condition precedent to giving to such conviction the effect of automatically removing him from office may be waived. Since both Valerio and Solis waived the right to a jury trial, they voluntarily waived the right to now insist that the conviction did not effect their automatic removal from office because they were not found guilty by a jury.

"We conclude that the judgments of conviction automatically removed Valerio

and Solis from the offices which they formerly held."

The first point of error is overruled.

■ The Appellant next asserts that the automatic removal provision in Article 5968 is not permissible under Article 5, Sec. 24, of the Texas Constitution which provides:

"County Judges, county attorneys, clerks of the District and County Courts, justices of the peace, constables, and other county officers, may be removed by the Judges of the District Courts for incompetency, official misconduct, habitual drunkenness, or other causes defined by law, upon the cause therefor being set forth in writing and the finding of its truth by a jury."

The argument is made that the Constitution requires removal by a district Judge and the Legislature may not provide for automatic removal. Reliance is placed upon the language used in *Dorenfield v. State*, 123 Tex. 467, 73 S.W.2d 83 (1934), where the Court said:

"Corpus Juris states a universally recognized rule in this language: 'Where the Constitution prescribes the mode for removing officers, the legislature may not authorize a removal in another mode.' 46 C.J., sec. 145(5), p. 984; 22 R.C.L., Sec. 265, p. 561."

Although the State contends that the Statute is valid under the above quoted section of the Constitution, the State also asserts the validity of Article 5968 under Article 16, Sec. 2, of the Texas Constitution. It provides:

"Laws shall be made to exclude from office, serving on juries, and from the right of suffrage, those who may have been or shall hereafter be convicted of bribery, perjury, forgery, or other high crimes. The privilege of free suffrage shall be protected by laws regulating elections and prohibiting under adequate penalties all undue influence therein from power, bribery, tumult or other improper practice."

In addition, the State asserts validity of the removal Statute under Article 15, Sec. 7, of the Constitution, which states:

"The Legislature shall provide by law for the trial and removal from office of all officers of this State, the modes for which have not been provided in this Constitution."

We conclude that Article 5968 is not in conflict with and was properly enacted under Article 5, Sec. 24, of the Texas Constitution. Both provisions deal with removal from office of County officers. Both provisions provide official misconduct as a ground for removal from office. The Statute, as well as the Constitution, requires jury findings on the conduct constituting such misconduct. In *Poe v. State*, 72 Tex. 625, 10 S.W. 737 (1889), the Texas Supreme Court noted that the constitutional provision does not allow the Legislature to give district Judges the power to remove a Sheriff from office without the verdict of a jury. But, as noted in Judge Cadena's opinion in the *Trevino* case, there was no provision in the law for a waiver of such right when those constitutional and statutory provisions were written. Since Sullivan chose to waive that valuable right, he may not now complain that the findings of official misconduct were made by the Judge hearing the case rather than a jury.

■ Appellant also asserts under the second point that official misconduct as found by the Court under Article 39.01(a)(1) of the Texas Penal Code does not entail the same standard of conduct as defined in Article 5973. The criminal Statute defines conduct committed "intentionally or knowingly." Article 5973 defines "official misconduct" as being "wilful in its character," which may not have included the conduct of the Appellant Sullivan, but the civil Statute also says "official misconduct" "includes any wilful or corrupt failure, refusal or neglect of an officer to perform any duty enjoined on him by law," and his conviction does come within that part of the Statute. Point of Error No. 2 is overruled.

The next point of error asserts that the quo warranto judgment violates the plea bargain agreement made with Judge Shannon, denies Appellant his constitutional due

process rights, and that the State is barred and estopped from removing Appellant from office.

■ First, we note, and Appellant's counsel concedes on oral argument, that estoppel does not work against the State. 22 Tex. Jur.2d Estoppel, Sec. 2.

■ We do recognize that there was a plea bargain made by Appellant with Judge Shannon. When a bargain is not kept, the criminal defendant is entitled to have the conviction set aside, because the voluntariness of the plea of guilty has been affected. See *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *Machibroda v. United States*, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); *Washington v. State*, 559 S.W.2d 825 (Tex.Cr.App.1977). This Court, as a Court of Civil Appeals, has no criminal jurisdiction and we cannot become involved in the criminal case. But since the plea bargain has been violated, we doubt there is a Judge anywhere, with proper jurisdiction, who would not, at Appellant's request, set aside his plea of guilty and judgment and reinstate the case for trial. In oral argument, counsel for the State appears to recognize that the Appellant is probably entitled to such relief. But counsel for Appellant insists that he does not want the plea of guilty to the two misdemeanor counts set aside.

■ Since we have previously concluded, as did the San Antonio Court of Civil Appeals, that the conviction for official misconduct results in an automatic removal, we may not grant relief to one who chooses not to have his conviction for such offense set aside. If he chooses to accept a misdemeanor conviction and refuses to seek relief to set it aside, he necessarily chooses to accept the loss of his office under the automatic removal provisions of Article 5968. Point of Error No. 3 is overruled.

■ The last point of error asserts that the dismissal with prejudice of the pending removal suit by Judge Shannon is res judicata and bars the quo warranto proceedings. This presents a very close and difficult question. For res judicata to apply, the two causes of action must involve the same parties, be based on the same facts, and there must be a final judgment on the merits in the first cause of action. *Abbott Laboratories v. Gravis*, 470 S.W.2d 639 (Tex. 1971).

■ We do conclude that the two causes of action involve the same parties. The first removal suit was styled *"State of Texas, ex rel., Moises Salazar, Plaintiff v. Michael Sullivan, Jr., Defendant"* and was signed by Steve W. Simmons, District Attorney for El Paso County. Moises Salazar, whose name was used in the first petition, was the foreman of the grand jury which indicted Sullivan the day before the removal petition was filed. The quo warranto suit is styled *"The State of Texas, Petitioner, v. Michael Sullivan, Jr., Respondent,"* and is also signed by Steve W. Simmons. Thus, in both instances the State, through its duly elected District Attorney, sought to have the office of Sheriff of El Paso County vacated, in one instance by a removal suit and in the other by a quo warranto proceeding.

We also note, and there is no dispute, that there is a final judgment on the merits in the first cause of action, that being the order of dismissal with prejudice signed by Judge Shannon on May 25, 1978.

■ Now we turn to the issue of whether or not the two causes of action are based on the same facts. The pleadings in the quo warranto suit allege that Sullivan was indicted on February 23, 1978, for two acts of official misconduct occurring in 1977. A copy of one indictment was attached as an exhibit. It is also alleged that on May 16, 1978, the Honorable Fred Shannon, Judge Presiding, accepted a guilty plea to said indictments by Michael Sullivan, Jr. A copy of the judgment entered in one of the cases was also attached to the pleading. Further allegation is made that under the provisions of Article 5968, the office of Sheriff of El Paso County has been vacated. By comparison, the original petition in the removal suit alleges that Michael Sullivan, Jr., committed acts of official misconduct

while serving as Sheriff of El Paso County, and the offenses alleged to constitute such official misconduct are enumerated. There is no allegation that he has committed a crime or that he has been convicted of any offense involving official misconduct. As noted earlier, Judge Shannon was originally assigned to hear a motion for temporary removal of the Sheriff and actually heard considerable evidence in such civil proceeding. No evidence had been heard in the criminal cases involving Sheriff Sullivan at the time Judge Shannon proposed a disposition of all issues, both civil and criminal. Thus, at the time Judge Shannon announced that he would dismiss the civil case, there had actually been no disposition of the criminal charges. And even though the order of dismissal with prejudice was entered in the civil removal case three days after the judgments were entered in the two criminal cases, the criminal judgments obviously had not become final at that time and the State could not have amended its original removal petition to allege convictions for a misdemeanor involving official misconduct and offered evidence in support thereof, because the time for appeal in the criminal cases had not expired. Thus, we conclude that the facts in the two causes of action are not the same and the doctrine of res judicata does not apply.

In addition, we hold that the doctrine of res judicata does not apply because there are exceptions to the doctrine based upon important reasons of policy. The doctrine of res judicata, as the embodiment of a public policy, must at times be weighed against competing interests and other public policy, and must, on occasion, yield to other policies. 46 Am.Jur.2d Judgments, Sec. 402; *Greenfield v. Mather*, 32 Cal.2d 23, 194 P.2d 1 (1948); *In re Di Carlo's Estate*, 3 Cal.2d 225, 44 P.2d 562 (1935). In this case, the Texas Constitution recognizes a right to remove from public office those officials who have been convicted of official misconduct. The Texas Legislature has declared it to be the public policy of this State that those County officials who have been convicted of a felony or misdemeanor involving official misconduct shall be immediately removed from office. In view of such declaration of public policy, and the need to protect the public from those who have breached their public trust, we conclude that even if the facts in this case were such that the doctrine of res judicata would be applicable, an exception should be made to its application. Point of Error No. 4 is overruled.

The judgment of the trial Court is affirmed.