**Robert Young ECKELS, Relator,**

v.

**Hon. Larry GIST, Presiding Judge of the 179th District Court of Harris County, Respondent.**

No. 01–87–01050–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 10, 1987.

Rehearing Denied Dec. 24, 1987.

T. Gerald Treece, Neil C. McCabe, Michael Ramsey, Houston, for relator.

John B. Holmes, Jr., Harris County Dist. Atty., Bill Taylor, Calvin A. Hartmann, Cathleen C. Herasimchuk, Harris County Asst. Dist. Attys., Houston, for respondent.

Before JACK SMITH, WARREN and DUNN, JJ.

### ORIGINAL PROCEEDING ON PETITION FOR WRIT OF MANDAMUS

WARREN, Justice.

Relator Robert Young Eckels asks this Court to grant his petition for writ of mandamus setting aside respondent's order of December 4, 1987, removing relator from office.

On November 25, 1987, a jury found relator, the county commissioner of Precinct 3 in Harris County, Texas, guilty of the offense of accepting a gift to a public servant by a person subject to his jurisdiction.

On December 4, 1987, the respondent, the district judge who presided over the trial, entered an order removing respondent from office. No judgment on the jury's verdict has been entered. The court's order was based on Tex. Local Gov't Code Ann. sec. (Vernon Pamph.1983) 87.031, which provides:

(a) The conviction of a county officer by a petit jury for any felony or for a misdemeanor involving official misconduct operates as an immediate removal from office of that officer.

(b) The court rendering judgment in such a case shall include an order removing the officer in the judgment.

The statute is based on a constitutional grant found in Tex. Const. art. XVI, sec. 2.

■ A writ of mandamus is an appropriate remedy to nullify an order entered without legal authority. *State ex rel. Wade v. Stephens*, 724 S.W.2d 141, 143 (Tex.App.—Dallas 1987, orig. proceeding).

■ The key issue in this cause is the meaning of the word "conviction" as used

in the statute. "Conviction" has different meanings when used in different contexts. The ordinary or popular meaning refers to a finding of guilt by plea or verdict, and its legal or technical meaning refers to the final judgment entered on the plea or verdict of guilty. 21A Am.Jur.2d *Criminal Law* sec. 1024 (1981). The popular meaning of the word is that when the jury returns a guilty verdict, the defendant has been convicted. The State contends that this is the precise meaning of the word "conviction" as used in the removal statute. The stricter sense of the word would require a judgment. *See, e.g., Chapin v. State,* 671 S.W.2d 608, 610 (Tex.App.—Houston [1st Dist.] 1984, no pet.) ("no *conviction,* final or otherwise, has resulted until the trial court has entered judgment and sentenced the defendant"). Relator contends that this is the meaning of "conviction" as used in the removal statute.

The State relies heavily on two cases, *Trevino v. Barrera,* 536 S.W.2d 75 (Tex. Civ.App.—San Antonio 1976, orig. proceeding), and *Sullivan v. State,* 572 S.W.2d 778, 784 (Tex.Civ.App.—El Paso 1978, writ ref'd n.r.e.). This reliance is misplaced. The *Trevino* case was a mandamus proceeding where relators asked the court to order respondents to place their names on various ballots. Relators also asked the appellate court to order one respondent to enter an order declaring two public offices to be vacant because each of the persons elected to those offices had been "convicted of a felony." Both officials had judgments of convictions; however, these judgments did not contain an express order removing the officials from office. The court held

> [t]hat the *conviction* of Valerio and Solis of offenses of the grade or [sic] felony resulted in their automatic removal from their offices.... We conclude that the *judgments of conviction* automatically removed Valerio and Solis from the offices which they formerly held.... [W]e hold that the statutory direction concerning the contents of the judgment does not constitute a condition precedent to the removal. The removal, according to the statute, results automatically from the *fact of conviction,* and not from the

recital in the judgment which merely reflects the effect of such conviction.

536 S.W.2d at 77 (emphasis added). Within the *Trevino* opinion, we can find the very ambiguity of the word "conviction." The court states that the "conviction" automatically removed the officials and then, that the "judgment of conviction" automatically removed the officials.

*Sullivan v. State* was a quo warranto proceeding where a public official had pled guilty to official misconduct in a prior criminal case. The court, relying on *Trevino,* held that the removal statute was applicable where the sheriff pled guilty and there was no "conviction by a petit jury." 572 S.W.2d at 781–783. The *Sullivan* court did not address the meaning of the word "conviction" in the removal statute.

The Code Construction Act, Tex.Gov't. Code Ann. arts. 311.001–311.032 (Vernon Pamph.1987), gives this Court and the trial court direction in our construction of words used in statutes. Article 311.011 of the Act provides:

> (a) Words and phrases shall be read in context and construed according to the rules of grammar and common usage.
>
> (b) Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly.

We hold that the word "conviction" has acquired a technical meaning and that we are directed to construe the word conviction accordingly. The technical meaning of the word "conviction" requires a judgment. *See, e.g., McNew v. State,* 608 S.W.2d 166, 171 (Tex.Crim.App.1978).

There are several decisions from other jurisdictions that have construed similar removal statutes and have held that a "conviction" requires a court to enter a judgment. *See, e.g., Kitsap County Republican Cent. Comm. v. Huff,* 94 Wash.2d 802, 620 P.2d 986 (1980); *Slawik v. Folsom,* 410 A.2d 512 (Del.1979); *Helena Rubenstein Intern. v. Younger,* 71 Cal.App.3d 406, 139 Cal.Rptr. 473 (1977); *see also,* Annotation, *What constitutes conviction within statutory or constitutional provision making*

conviction of crime ground of disqualification for removal from, or vacancy in, public office, 71 A.L.R.2d 593 (1960). The *Younger* case is particularly instructive. There, the court held that under California law, a conviction for the purpose of exclusion from public office consists of a jury verdict or court finding of guilt followed by a judgment upholding and implementing such verdict or finding. The court recognized that conviction had at least "two accepted meanings: (1) the jury verdict, and (2) the judgment following the verdict." The court held that because disqualification from public office is a significant civil disability, the better rule is to use the stricter sense of the word "conviction" and require the entry of judgment. 139 Cal.Rptr. at 481–483. In *Kitsap County Republican Central Committee v. Huff*, the court was faced with the question of whether the defendant had been "convicted" when a jury verdict has been returned against him, but the trial court's action on post-verdict motions and entry of judgment remained. The Washington Supreme Court held that for the purpose of disqualification from public office, a conviction has not been completed until a court has entered judgment and sentence. 620 P.2d at 989. In *Slawik v. Folsom,* the Delaware Supreme Court held that where a statute creates a disability to hold public office, the word "convicted" was to be construed as meaning "judgment of conviction" consisting of a determination of guilt by plea or verdict followed by the imposition of sentence. 410 A.2d at 515. The Delaware court noted that an "accused's 'day in court' in a jury trial on a criminal charge does not end with the guilty verdict of the jury." *Id. see also People ex rel. Grogan v. Lisinski,* 113 Ill.App.3d 276, 68 Ill.Dec. 854, 856, 446 N.E.3d 1251, 1253 (1983) ("conviction" is more than a mere finding of guilt for purposes of Illinois ouster statute).

We hold that the word "conviction" as used in Tex. Local Gov't Code section 87.-031(a) requires a judgment. A "judgment" is the written declaration of the court signed by the trial judge and entered of record, showing among other things the conviction or acquittal of the defendant.

*See, e.g.* Tex.Code Crim.P.Ann. art. 42.01 (Vernon Supp.1987).

Because there has been no "conviction" as contemplated by section 87.031, we hold that the judge was without authority to remove relator under that statute.

We conditionally grant the writ, which shall be issued only if Judge Gist refuses to withdraw the order removing relator from office.