William "Billy" LEO, in his capacity as Hidalgo County Clerk, Relator,

v.

Honorable Fernando MANCIAS, Presiding Judge of the 93rd Judicial District Court of Hidalgo County, Texas, Respondent.

Brigido "Brig" MARMOLEJO, Jr., in his capacity as Sheriff of Hidalgo County, Relator,

v.

Hon. Fernando MANCIAS, Judge of the 93rd District Court of Hidalgo County, Texas, Respondent.

HIDALGO COUNTY COMMISSIONERS COURT (Samuel Sanchez, Lalo Arcaute, Juan Rosel, Leonard Camarillo, and J. Edgar Ruiz), Relator,

v.

Hon. Fernando MANCIAS, Judge of the 93rd District Court of Hidalgo County, Texas, Respondent.

Nos. 13–19–453–CV, 13–94–456–CV, 13–94–457–CV.

Court of Appeals of Texas, Corpus Christi.

Oct. 7, 1994.

Alejandro Moreno, Jr., Edinburg, Travis Hiester, Atlas & Hall, James D. Selman, III, Selman & Camp, McAllen, Craig S. Smith, Smith & Edwards, Donald B. Edwards, Corpus Christi, Kevin D. Pagan, McAllen, for intervenor in No. 13–94–00453–CV.

Rene Guerra, Dist. & County Atty., Theodore C. Hake, Asst. Criminal Dist. Atty., Cheryl Hole, Asst. Dist. Atty., Edinburg, for relator in No. 13–94–00453–CV.

Alejandro Moreno, Jr., Edinburg, for relator in No. 13–94–00456–CV.

James D. Selman, III, Selman & Camp, Travis Hiester, Atlas & Hall, Kevin D. Pagan, McAllen, Craig S. Smith, Smith & Edwards, Donald B. Edwards, Corpus Christi, Theodore C. Hake, Asst. Criminal Dist. Atty., Cheryl Hole, Law Offices of James E. Darling, Asst. Dist. Atty., Edinburg, Rene Guerra, Dist. & County Atty., Edinburg, for real parties in interest in No. 13–94–00456–CV.

James D. Selman, III, Selman & Camp, Kevin D. Pagan, McAllen, Craig S. Smith, Smith & Edwards, Corpus Christi, Donald B. Edwards, Corpus Christi, Alejandro Moreno, Jr., Edinburg, for intervenor in No. 13–94–00457–CV.

Travis Hiester, Atlas & Hall, McAllen, Rene Guerra, Dist. & County Atty., Theodore C. Hake, Asst. Criminal Dist. Atty., Cheryl Hole, Law Offices of James E. Darling, Asst. Dist. Atty., Edinburg, for relator in No. 13–94–00457–CV.

## OPINION

Before DORSEY, GILBERTO HINOJOSA and YAÑEZ, JJ.

GILBERTO HINOJOSA, Justice.

By the present mandamus proceeding, relators seek to overturn the trial court's judgment declaring a vacancy in the office of the Hidalgo County Sheriff and ordering candidates to be placed on the November general election ballot in order to fill the remaining term of that office. We conditionally grant the writ of mandamus.

Hidalgo County Sheriff Brig Marmolejo was tried in federal court on felony charges and found guilty by verdict of the jury on July 27, 1994; but Mr. Marmolejo has not been sentenced and no judgment has been rendered by the federal court against him. The real parties in interest, the Hidalgo County Democratic and Republican Party Executive Committees, brought suit for a declaratory judgment that the office of sheriff had been automatically vacated as of the date of the federal verdict, thus allowing them to run their respective candidates in the upcoming election to fill the unexpired term for sheriff. *See* Tex.Elec.Code Ann. § 202.002 (Vernon 1986). The trial court

entered summary judgment in the present case declaring a vacancy in the office of sheriff of Hidalgo County as of the federal jury's July 27th guilty verdict and ordering relator William Leo, as county clerk, to place the names of qualified candidates for sheriff on the November general election ballot.

Relators Leo and Marmolejo generally argue that Sheriff Marmolejo has not yet been removed from office under the provisions of the Texas Local Government Code concerning automatic removal of a county official by conviction of a felony offense. Tex.Local Gov't Code Ann. § 87.031 (Vernon 1988). Relator Hidalgo County Commissioners Court generally argues that, regardless of whether a "removal" has occurred under the Local Government Code, the office of sheriff does not become "vacant" for purposes of the election of a new sheriff before the federal conviction becomes a final judgment. Tex. Elec.Code Ann. § 201.024 (Vernon 1986). To the extent we believe that the sheriff's office is not yet vacant for purposes of electing a successor, we agree with the relators and conditionally grant mandamus relief.

■ We first note that a writ of mandamus is an appropriate remedy to nullify an order of this nature wrongfully declaring a vacancy in public office. *Eckels v. Gist*, 743 S.W.2d 330 (Tex.App.—Houston [1st Dist.] 1987, orig. proceeding); *State ex rel. Wade v. Stephens*, 724 S.W.2d 141, 143 (Tex.App.—Dallas 1987, orig. proceeding). We also note the urgency of settling the present dispute in view of the upcoming general election at which the real parties in interest assert their right to nominate candidates to fill the unexpired portion of the sheriff's term.

■ Relators initially contend that the trial judge wrongfully refused to request the assignment of a nonresident judge to hear the underlying action. The Texas Government Code requires the trial judge to, "if an election contest or a suit for the removal of a local official is filed in his court, request the presiding judge to assign another judge who is not a resident of the county to hold a regular or special term of court in that coun-

ty to dispose of the suit." Tex.Gov't Code Ann. § 74.059(c)(4) (Vernon 1988). However, the present action was not brought to remove the sheriff, but rather for declaratory relief as to whether the federal criminal proceedings had already affected such a removal. Accordingly, the present declaratory judgment action is not a "suit for the removal of a local official" and does not require the assignment of a nonresident judge under section 74.059(c)(4).

The underlying judgment in the present case declared a "vacancy in the office of Sheriff of Hidalgo County as of July 27, 1994," as a result of the federal criminal proceedings, and ordered Leo to place the names of qualified candidates on the November 8, 1994, general election ballot. In addition, the trial court refused to allow this judgment to be superseded pending appeal.

The sole issue before this Court is whether a vacancy under the Texas Election Code in fact exists in the office of sheriff as a result of the jury's verdict of guilt, but before final judgment in the federal criminal proceedings.

■ The Texas Election Code governs the date on which a "vacancy" occurs for purposes of electing a successor to fill the unexpired term of an official that has been removed from office. Specifically, the Code provides that, "[i]f an officer is removed from office by a court or other tribunal, a vacancy occurs on the date the judgment becomes final." Tex.Elec.Code Ann. § 201.024 (Vernon 1986). This language is clear and unequivocally requires a final judgment before an office is considered vacant for purposes of electing a successor. Accordingly, a vacancy for purposes of electing a successor sheriff will not have occurred until the federal judgment becomes final. We have been cited to no other portions of the Election Code, nor have we found any, that would suggest that a vacancy may occur before final judgment in a criminal proceeding against a county official. Because the present federal proceeding has not yet resulted in a final judgment, we hold that no "vacancy" presently exists that may be filled at the upcoming general election.[1]

---

1. We need not address relators' other argument that under Texas Local Government Code

§ 87.031, a judgment of conviction is also required in order for the official to be removed

The real parties in interest generally argue that public policy requires swift removal of officials found guilty of felony offenses and that the citizens of Hidalgo County have the right to timely elect a successor sheriff which would outweigh any due process right of the prior official to retain his position. We share these concerns; yet we do not reach the question of whether a "removal" has automatically occurred under the Local Government Code such that Marmolejo is now unable to perform the duties of sheriff or receive the emoluments of that office. We address only the question as to whether or not a vacancy under the Texas Election Code exists at this time in the sheriff's office for purposes of electing a successor sheriff. The clear language of the Election Code does not allow the election of a new sheriff without a "vacancy" in that office resulting from a final judgment of conviction. Public policy likewise supports postponing any such election until a final order of removal to prevent the chaos and uncertainty that would result from the premature election of a successor when the possibility exists that a conviction resulting in removal would be overturned either at the trial or the appellate level. Clearly the Texas Legislature intended to ensure the stability of the electoral process by requiring that an order resulting in removal be final before a vacancy is created. Had the legislature intended otherwise, they would have specifically allowed creation of a vacancy prior to an order of removal becoming final.

Accordingly, we conditionally grant the writ of mandamus relief and order the trial court to vacate its summary judgment. However, the writ will not issue unless the trial court fails to comply with the opinion of this Court.

from office. Tex.Local Gov't Code Ann. § 87.031 (Vernon 1988); *Eckels v. Gist*, 743 S.W.2d 330 (Tex.App.—Houston [1st Dist.] 1987, orig. proceeding).