In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-05-337 CR


____________________



SEBASTIAN BENJAMIN MASTRANGELO, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 284th District Court


Montgomery County, Texas


Trial Cause No. 05-03-01918-CR






MEMORANDUM OPINION


 Sebastian Benjamin Mastrangelo was charged on a three-count indictment with:
aggravated sexual assault by digital penetration of the female sexual organ of a child under
fourteen years of age; indecency with a child by sexual contact with the female sexual organ
of a child; and indecency with a child by exposure of the defendant's genitals to a child, all
alleged to have been committed on the same date with the same complainant. The jury
convicted Mastrangelo of indecency with a child by exposure but acquitted him on the two
other charges. On the count that resulted in a conviction, the trial court assessed a five year
prison sentence, suspended the sentence, and placed Mastrangelo on community supervision
for five years. On appeal, Mastrangelo challenges the legal and factual sufficiency of the
evidence and contends the trial judge was disqualified by virtue of a criminal conviction. We
affirm.

 A legal sufficiency review requires us to view the evidence in the light most favorable
to the verdict and determine whether any rational factfinder could have found the essential
elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307,
318-19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex.
Crim. App. 2004). A factual sufficiency review requires that we consider all the evidence
in a neutral light to determine whether the evidence supporting the verdict is too weak to
support the finding of guilt beyond a reasonable doubt, or if the evidence of guilt, although
adequate if considered alone, is so greatly outweighed by contrary proof that the jury's
verdict is not rationally justified. Watson v. State, 204 S.W.3d 404, 414-15 (Tex. Crim. App.
2006); Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).

 Mastrangelo challenges only the proof of his culpable mental state. He does not
challenge the State's proof that he exposed his genitals to the child complainant. Rather,
Mastrangelo argues the State failed to prove that he exposed his genitals to the child with an
intent to gratify the sexual desire of any person. The child was five years old at the time of
trial and, expectantly, not particularly articulate. She testified she saw Mastrangelo's sexual
organ twice in her room, and explained that he was touching his sexual organ with "[h]is
whole hand," and indicated that he moved his hand up and down. Asked what he was doing
with his other hand, she testified that he was "[p]utting it around . . . [m]y TT." The jury
could conclude that the child was describing an act of masturbation and infer an intent on the
part of the appellant to gratify himself sexually. Mastrangelo suggests the jury did not find
this testimony to be credible because it acquitted him on the accusations relating to his
having touched or contacted the complainant's sexual organ. We note, however, the
presence of additional evidence for the act of indecency by exposure in admissions contained
in a recorded telephone conversation between appellant and his wife.

 To explain why he exposed his erect penis to a child, Mastrangelo testified at trial that
he "was trying to give her a visualization to understand that she doesn't need to touch
anybody else's private parts." His purpose he claimed was, "[t]o help her realize that it's just
not appropriate for her to do those kind of things with another person or even myself." 
Mastrangelo claimed to have heard that the pool man was a sexual predator, and that made
appellant feel uneasy. He testified one exposure was accidental, because the child
unexpectedly opened his bedroom door.

 Mastrangelo admitted to having touched the child, but not in a sexual way. As a
result, he claims the jury must have believed that he lacked the requisite mental state. 
Therefore, he contends, the evidence of intent to gratify must be missing from this offense
as well. We disagree. Evidence was introduced that Mastrangelo participated in maintaining
the children's hygiene. Thus, the jury might have formed enough reasonable doubt regarding
appellant's intent in touching the child's private parts, or have formed reasonable doubt that
penetration occurred, yet still rejected appellant's explanation that he was trying to protect
the child from sexual predators by exposing himself to the child while in a state of sexual
arousal. Since appellant admitted he was literally gratifying himself when an act of exposure
occurred, the jury could infer intent to gratify as his motive for exposing his sexual organ to
the child. The jury's rejection of Mastrangelo's explanation was neither irrational nor
unreasonable, especially in light of the inconsistencies between appellant's recorded
conversation and his trial testimony. We hold the evidence is legally and factually sufficient
to support the jury's verdict on the indictment for indecency by exposure. Jackson, 443 U.S.
at 319; Johnson, 23 S.W.3d at 11. Issues one and two are overruled.

 In his third issue, Mastrangelo contends the judge who conducted the guilt phase of
the trial had been automatically removed from office prior to the beginning of the trial. 
Assigned as a visiting judge, the Honorable Eric Andell presided over the guilt phase of
Mastrangelo's trial from March 14, 2005, through March 18, 2005. According to appellant,
Judge Andell pled guilty on March 10, 2005, to a federal misdemeanor involving official
misconduct. Mastrangelo does not challenge the State's assertions that the judgment entered
in the federal case recites that Judge Andell entered a guilty plea on April 29, 2005, that the
sentence was pronounced on July 29, 2005, and that the judgment was signed on August 25,
2005. Mastrangelo contends the clear meaning of Texas Government Code § 33.038 is that
the act of pleading guilty automatically removed the judge from office and disqualified him
from presiding over the trial. Mastrangelo additionally asserts that "[p]ublic policy requires
that this trial be considered void."

 "A judge is automatically removed from the judge's office if the judge is convicted
of or is granted deferred adjudication for: (1) a felony; or (2) a misdemeanor involving
official misconduct." Tex. Gov't Code Ann. § 33.038 (Vernon 2004). Appellant contends
a plain reading of this statute reveals that the trial judge was disqualified when he presided
over the trial. It is undisputed that both sentencing and the signing of the judgment of
conviction occurred after the judge ceased presiding over Mastrangelo's case. The judge was
disqualified only if pleading guilty or signing a plea bargain agreement equates to a
"conviction" for purposes of Government Code § 33.038. The First District Court of
Appeals construed a similar statute contained in the Local Government Code, in an action
to remove a county commissioner who had been found guilty by a jury of accepting a gift to
a public servant by a person subject to his jurisdiction. Eckels v. Gist, 743 S.W.2d 330 (Tex.
App.--Houston [1st Dist.] 1987, orig. proceeding). The court held that the word "conviction"
acquired a technical meaning that required a written judgment. Id. at 331 (construing Tex.
Loc. Gov't Code Ann. § 87.031(a) (Vernon 1999) ("The conviction of a county officer by
a petit jury for any felony or for a misdemeanor involving official misconduct operates as an
immediate removal from office of that officer.")). The language of the bill enacting
Government Code Section 33.038 contains a clear legislative intent that "conviction"
requires a written judgment, provided in pertinent part: "Sections 33.037 and 33.038,
Government Code, as added by this Act, apply only to a judgment of conviction or a grant of
deferred adjudication for an offense committed on or after the effective date of this Act." 
Act of May 25, 2001, 77th Leg., R.S., ch. 917, § 20, 2001 Tex. Gen. Laws 1831, 1838 (our
emphasis added). The Government Code provides that if a judge appeals a disqualifying
conviction, the commission shall suspend the judge from office without pay pending final
disposition of the appeal. Tex. Gov't Code Ann. § 33.037 (Vernon 2004). Section 33.037
would have no effect if mere entry of a plea perfected the judge's removal from office.

 We also reject Mastrangelo's general public policy argument. In Dickerson v. New
Banner Institute, Inc., 460 U.S. 103, 111-13, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983), the
United States Supreme Court concluded a plea of guilty operated as a "conviction" for
purposes of the firearms disabilities provision of the Gun Control Act of 1968. In that case,
no judgment appeared in the record because the affected person had successfully completed
a term of deferred adjudication probation and the records had been expunged under state law. 
Id. at 113. The Supreme Court reasoned that Congress had determined that firearms must
be kept away from persons who might be expected to misuse them. Id. at 119. The Court
found it significant that mere indictment constituted a disqualifying event. Id. at 115. 
Removal statutes, on the other hand, are generally triggered by either (1) entry of a judgment
of conviction or (2) a judgment of conviction becoming final. See Susan L. Thomas,
Annotation, What constitutes conviction within statutory or constitutional provision making
conviction of crime ground of disqualification for, removal from, or vacancy in, public office,
10 A.L.R.5th 139 (2006).

 Appellant has not shown that the trial judge was disqualified from sitting as a visiting
judge on the dates the judge presided over the trial of this case. Accordingly, issue three is
overruled. We affirm the judgment and sentence of the trial court.

 AFFIRMED.




 ______________________________

 STEVE McKEITHEN

 Chief Justice

Submitted on February 13, 2007

Opinion Delivered April 4, 2007

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.