ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

May 18, 2012

The Honorable John Whitmire                    Opinion No. GA-0933
Chair, Committee on Criminal Justice
Texas State Senate                             Re: Whether a constable who was convicted of a
Post Office Box 12068                          felony but whose conviction was finalized only
Austin, Texas 78711-2068                       after he was reelected to a new term automatically
                                               vacates his office (RQ-1016-GA)

Dear Senator Whitmire:

You write to ask several questions regarding the removal from office of a constable finally convicted of a felony.[1] You state that the Precinct Five Hidalgo County Constable (the "Constable") was convicted of a third degree felony in 2006. *See* Request Letter at 1. You indicate that the trial court's judgment ordered that the Constable "be removed from . . . [o]ffice" under section 87.031 of the Local Government Code. *Id.* (quoting Judgment of Conviction by Jury and Order of Community Supervision). You also tell us the trial court suspended the Constable during the pendency of his appeal pursuant to section 87.032 of the Local Government Code. *See id.; see also* TEX. LOC. GOV'T CODE ANN. § 87.032 (West Supp. 2011) (providing that the "appeal supersedes the order of removal unless the court that renders the judgment finds that it is in the public interest to suspend the officer pending the appeal"). You tell us further that the Constable appealed his conviction all the way to the Supreme Court of the United States. *See* Request Letter at 1.

You note in your request letter that during his appeals the Constable retired from his position and that an interim constable was appointed by the Hidalgo County Commissioners Court. *See id.* You also note that during his appeals the Constable successfully ran for reelection in 2008 to a new term commencing January 1, 2009. *See id.* You recite that the Constable submitted a new oath of office and the required bond but that the Hidalgo County Commissioners Court did not and has not approved the bond.[2] *See id.* Finally, you state that the "Supreme Court of the United States denied the Constable's [petition for] writ of certiorari on February 22, 2011 thus finalizing the Original Judgment and felony conviction." *Id.; see Bazan v. Tex.*, 131 S.Ct. 1482 (2011).

---

[1]*See* Letter from Honorable John Whitmire, Chair, Senate Comm. on Criminal Justice, to Honorable Greg Abbott, Tex. Att'y Gen. at 2 (Nov. 10, 2011), http://www.texasattorneygeneral.gov/opin ("Request Letter").

[2]*See* TEX. CONST. art. XVI, § 1 (requiring oath of office); TEX. LOC. GOV'T CODE ANN. § 86.002 (West 2008) (requiring constable to take constitutional oath of office and to execute a bond).

You ask several questions regarding the possible vacancy in the Precinct Five constable office. *See* Request Letter at 2. You first ask:

> Does the finalization of a conviction, a conviction which was originally rendered prior to a Constable's re-election for the office, remove the Constable from the office to which he was re-elected as a matter of law, requiring no official action and thus creating a vacancy for such public office?

*Id.*[3] Section 87.031 of the Local Government Code provides that "[t]he conviction of a county officer by a petit jury for any felony . . . operates as an immediate removal from office of that officer." TEX. LOC. GOV'T CODE ANN. § 87.031(a) (West 2008). At the same time, section 87.001 provides that "[a]n officer may not be removed under this chapter for an act the officer committed before election to office." *Id.* § 87.001. With the Constable now in a new term, your question asks us to determine whether section 87.001 prohibits the removal of the Constable under section 87.031 for a conviction arising from an illegal act committed prior to the new term. The Texas Supreme Court, considering this very Constable's case, has held that section 87.001 does not prohibit the Constable's removal under section 87.031. *See In re Bazan*, 251 S.W.3d 39, 44–45 (Tex. 2008) (construing section 87.001's limitation to pre-election acts to apply to only the civil removal proceedings in chapter 87). The Court in *Bazan* noted the different constitutional sources behind section 87.001 and section 87.031: It observed that section 87.001 derives from article V, section 24, and that section 87.031 stems from article XVI, section 2. *See id.* The court distinguished article V, section 24, which provides for the removal of specified officers for official misconduct, from article XVI, section 2, which excludes persons convicted of high crimes from holding office. *See id.* It concluded that because "the constitution makes no allowance for high crimes that predate an officer's election, section 87.001's limitation for prior acts can only refer to official misfeasance that is, itself, not disqualifying and thus is prosecuted in a civil removal proceeding." *Id.* at 44.

Absent the limitation of section 87.001, we consider whether the removal of a convicted officer after all appeals have been exhausted is automatic as a matter of law. By its plain language, section 87.031 states that the conviction of a county officer by a petit jury for any felony operates as an *immediate* removal from office of that officer. *See* TEX. LOC. GOV'T CODE ANN. § 87.031(a) (West 2008). Though various Texas courts of appeals have issued differing decisions about the formal requisites of a removal under subsection 87.031(a), the courts do not disagree that in the event there is a final judgment of conviction, the removal from office after conviction is automatic. *See Trevino v. Barrera*, 536 S.W.2d 75, 77 (Tex. Civ. App.—San Antonio 1976, orig. proceeding) ("The removal, according to the statute, results automatically from the fact of conviction, and not from the recital in the judgment which merely reflects the effect of such conviction."), *Eckels v. Gist*, 743 S.W.2d 330, 332 (Tex. App.—Houston [1st Dist.] 1987, orig. proceeding) (concluding that the word conviction in subsection 87.031(a) requires a final judgment entered on the verdict of guilty); *see also Leo v. Mancias*, 885 S.W.2d 268, 270 (Tex. App.—Corpus Christi 1994, orig. proceeding) (construing section 201.024 of the Election Code to require a final judgment before an office is considered vacant). Further, the Election Code provision governing the time a vacancy in office

---

[3]We assume that by "finalization of a conviction," you mean judgment of conviction followed by the exhaustion of all available appeals.

occurs provides that "[i]f an officer is removed from office by a court or other tribunal, a vacancy occurs on the date the judgment becomes final." TEX. ELEC. CODE ANN. § 201.024 (West 2003). While a final judgment of conviction from the trial court is normally sufficient to trigger an automatic vacancy, section 87.032 provides that an appeal of the conviction supersedes the removal unless the trial court orders otherwise. *See* TEX. LOC. GOV'T CODE ANN. § 87.032 (West Supp. 2011). Because you tell us that the Constable has exhausted all available appeals, that provision no longer applies. Accordingly, an officer's removal due to a final felony criminal judgment of conviction is automatic and effective as a matter of law, thus creating a vacancy for the office without need of further official action.[4] Because of our conclusion here, we do not address your last question, which involves an alternative avenue to remove the Constable. *See* Request Letter at 2.

Your remaining question involves the constitutional holdover provision. *See id.* at 2 (citing article XVI, section 17, Texas Constitution). Article XVI, section 17, provides that "[a]ll officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified." TEX. CONST. art. XVI, § 17. You suggest that the failure of the commissioners court to accept the Constable's bond after his election to a new term in 2008 means that the Constable was not a "duly qualified" successor such that the interim constable, as the "person appointed to complete the term prior to 2008 election, [holds] over to the new term." Request Letter at 2. The issue concerning the commissioners court's acceptance of the Constable's proffered bond is not dispositive. This office has recognized that if a person who is elected to an office does not complete a step necessary to qualify for the office, the person may still be a de facto officer. Tex. Att'y Gen. LO-96-056, at 2. A de facto officer is "one who acts under color of a known and valid appointment, but has failed to conform to some precedent requirement, as to take the oath, give a bond, or the like." *See id.* (citing *Williams v. State*, 588 S.W.2d 593, 595 (Tex. Crim. App. [Panel Op.] 1979)). "Determining that someone is a de facto officer requires the resolution of fact questions . . . ." *Id.* (citing *Henry v. State*, 828 S.W.2d 312, 314–15 (Tex. App.—Fort Worth 1992, writ ref'd)). To the extent the Constable may have been the de facto officer upon his election in 2008, there would have been no open office to which the interim constable could hold over. Because the determination about the Constable's de facto officer status involves fact issues that we cannot resolve, we cannot answer your question. *See id.* at 3 ("Whether the de facto doctrine will apply in a given case is a fact question that cannot be resolved in an attorney general opinion."). Moreover, we believe the question is now moot because the person who had been appointed interim constable was recently appointed constable[5] in his own right for the remainder of the term ending December 31, 2012. *See* Tex. Att'y Gen. Op. Nos. GA-0334 (2005) at 11 (declining to address moot questions), GA-0159 (2004) at 5 (same).

---

[4]Under the Election Code, such a felony conviction also serves to disqualify the person from holding future public elective office. *See* TEX. ELEC. CODE ANN. § 141.001(a)(4) (West 2010) ("To be eligible to be a candidate for, or elected or appointed to, a public elective office in this state, a person must: . . . (4) have not been finally convicted of a felony from which the person has not been pardoned or otherwise released from the resulting disabilities . . . .").

[5]*See* Press Release, The County of Hidalgo, Texas, *Daniel Marichalar Sworn in as Pct. 5 Constable* (Nov. 17, 2011) (on file with the Opinion Committee). We also understand that the Precinct Five constable's office has been abolished with the newly appointed constable serving until December 31, 2012. *See* Brief from Honorable Rene Guerra, Hidalgo Cnty. Criminal Dist. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. at 3 (Dec. 9, 2011) (on file with the Op. Comm.).

## S U M M A R Y

Under the Texas Supreme Court opinion *In re Bazan*, a constable who was convicted of a felony but whose appeals were exhausted only after he was reelected to a new term is removed from office pursuant to subsection 87.031(a) of the Local Government Code.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee