**Eloy CENTENO, Relator,**

v.

**Jake INSELMANN, City Clerk, Respondent.**

No. 15429.

Court of Civil Appeals of Texas,
San Antonio.

March 5, 1975.

James N. Martin, San Antonio, for appellant.

Crawford B. Reeder, City Atty., San Antonio, for appellee.

PER CURIAM.

This is an original petition for writ of mandamus seeking to compel respondent, Jake Inselmann, City Clerk of San Antonio, to accept and file the application of relator, Eloy Centeno, to have his name placed on the ballot for Place 9 of the City Council of the City of San Antonio.

On February 28, 1975, relator tendered his application to the respondent. The respondent refused to file the application on

the ground that relator is now a Trustee of the City Public Service Board of the City of San Antonio and is prohibited under Article XVI, Section 40 of the Constitution, Vernon's Ann.St., from holding another civil office of emolument. The respondent concluded that relator was thus ineligible to be a candidate for public office under Article 1.05, Tex.Election Code Ann. (Supp.1974), V.A.T.S.

Respondent voluntarily appeared in response to said petition for writ of mandamus. He stipulated that relator meets all the qualifications for office and is eligible in all respects to file for said office unless prohibited by Article 1.05, in conjunction with Article XVI, Section 40 of the Constitution.

Article 1.05 provides in part:

"No person shall be eligible to be a candidate for, or to be elected or appointed to, any public office in this state unless he is a citizen of the United States eligible to hold such office under the Constitution and laws of this state . . . ."

It further provides that:

"(1) For a candidate whose name is printed on the ballot for a general (first) primary election, the applicable date is the last day on which any candidate for the office involved could file his application to have his name printed on the ballot for that primary election."

Article XVI, Section 40, provides in part:

"No person shall hold or exercise at the same time, more than one civil office of emolument, except that . . . ."

Relator concedes that the offices of Trustee of the City Public Service Board and Councilman of the City of San Antonio are both civil offices of emolument and that none of the exceptions set forth in the Constitution are applicable. He urges, however, that this Constitutional prohibition applies only against "holding two offices" at the same time and that he cannot do so as a matter of law.

The general rule is that where the holder of one office accepts and qualifies for a second, he automatically relinquishes the first office. State ex. rel. Kingsbury v. Brinkerhoff, 66 Tex. 45, 17 S.W. 109 (1886); Pruitt v. Glen Rose Independent School District No. 1, 126 Tex. 45, 84 S.W.2d 1004 (1935); Hubert, Constitutional Restraints on Dual Office Holding and Dual Employment in Texas—A Proposed Amendent, 43 Texas L.Rev. 943, 946 (1965); 47 Tex.Jur.2d, Public Officers, Section 29 (1963). Since it would not be possible for relator to come within the prohibition of Section 40, against dual office-holding, we conclude that he is not ineligible to be a candidate for a second office.

Although we have found no case squarely in point, our conclusion that relator is not ineligible within the meaning of Article 1.05 finds support in previous decisions of our Supreme Court. In Willis v. Potts, 377 S.W.2d 622 (Tex.1964), the Court laid down the rule that: "Any constitutional or statutory provision which restricts the right to hold public office should be strictly construed against ineligibility." This rule was reaffirmed in Hall v. Baum, 452 S.W.2d 699 (Tex.1970) and Whitehead v. Julian, 476 S.W.2d 844 (Tex.1972). See also Kothmann v. Daniels, 397 S.W.2d 940 (Tex.Civ.App.—San Antonio 1965, no writ).

The petition for mandamus is granted, but the writ of mandamus will not be issued by the Clerk of this Court unless respondent, Jake Inselmann, refuses to accept relator's application.

In view of the imminent deadline for filing application for place on the ballot for the City election, no motion for rehearing will be entertained.