

# The Attorney General of Texas

July 15, 1985

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Jesusa Sanchez-Vera
Jim Wells County Attorney
P. O. Drawer 2080
Alice, Texas   78333

Opinion No.  JM-333

Re:  Whether a municipal judge may simultaneously serve as county auditor

Dear Ms. Sanchez-Vera:

You ask whether the municipal judge of the city of Alice may continue to serve as judge after he has been appointed county auditor for Jim Wells County. You inform us that the individual in question wrote to the city council stating that he would continue to serve as municipal judge but would forego the salary attached to that position.

Article XVI, section 40 of the Texas Constitution prevents one person from holding two civil offices of emolument. The office of county auditor and of municipal judge are both civil offices of emolument. See Purcell v. Carrillo, 349 S.W.2d 263 (Tex. Civ. App. - San Antonio 1961, no writ); Attorney General Opinions V-1541 (1952); O-2684 (1940); see also State v. Brinkerhoff, 17 S.W. 109 (Tex. 1886). When a civil officer of emolument accepts and qualifies for another civil office of emolument, he is deemed to have vacated the first office. State v. Brinkerhoff, supra. Centeno v. Inselmann, 519 S.W.2d 889 (Tex. Civ. App. - San Antonio 1975, no writ). Thus, by accepting and qualifying for the office of county auditor, the individual in question effectively resigned his office as municipal judge.

His attempt to refuse the compensation of the municipal judge does not enable him to continue to hold the office. The compensation attached to a judge's office is an incident to his title to office. Markwell v. Galveston County, 186 S.W.2d 273 (Tex. Civ. App. - Galveston 1945, writ ref'd). A public officer or employee cannot make a valid agreement to accept less compensation than the amount fixed by law. McGuire v. City of Dallas, 170 S.W.2d 722 (Tex. 1943); Morrison v. City of Fort Worth, 155 S.W.2d 908 (Tex. 1941). But see V.T.C.S. art. 3912m. He cannot estop himself from collecting the full compensation by agreeing to accept less or actually accepting less. Id.; Broom v. Tyler County Commissioners Court, 560 S.W.2d 435 (Tex. Civ. App. - Beaumont 1977, no writ). This rule applies to officers whose compensation is fixed by statute and those whose compensation is

fixed by a governmental body pursuant to statutory authority.  See, e.g., Morrison v. City of Fort Worth, supra, (firemen's compensation established by state minimum wage provision); Broom v. Tyler County Commissioners Court, supra, (J.P.'s salary fixed by commissioners court pursuant to article 3912k, V.T.C.S.); Fannin County v. Dobbs, 202 S.W.2d 950 (Tex. Civ. App. - Texarkana 1947, no writ) (county clerk's salary fixed by commissioners court pursuant to articles 3883, 3891, 3899, 3912e, V.T.C.S.).

The governing body of the city sets the municipal judge's salary. V.T.C.S. art. 1010; see also V.T.C.S. art. 1199a (compensation of substitute judge).  The municipal judge has no power to waive that salary.  He holds an office of emolument whether or not he accepts the compensation attached to the office.

## S U M M A R Y

A municipal judge holds a civil office of emolument even though he refuses to accept the compensation attached to his office.  Article XVI, section 40 of the Texas Constitution prohibits a municipal judge who qualifies for the position of county auditor from continuing to serve as municipal judge.

Very truly yours,

*Jim Mattox*

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General