**Rene DE ALEJANDRO, Relator,**

v.

**The Honorable Jack HUNTER, Judge, 94th Judicial District Court, Nueces County, Texas, Respondent.**

**No. 13–97–294–CV.**

Court of Appeals of Texas, Corpus Christi.

June 23, 1997.

Thomas F. Greenwell, Corpus Christi, for Relator.

Frank A. Lazarte, Corpus Christi, William R. Edwards, III, William R. Edwards, John Blaise Gsanger, Edwards, Terry, & Edwards, Corpus Christi, for Real Party in Interest.

## OPINION

SEERDEN, Chief Justice.

Rene De Alejandro brings the present mandamus proceeding to set aside a judgment of the respondent voiding a municipal election and declaring that De Alejandro did not thereby regain the office of Mayor of the

City of Robstown, Texas. We conditionally grant mandamus relief.

Robstown is a home-rule city governed by a mayor and five councilmen, all of whom serve for two-year terms. The city charter provides for annual elections, but positions on the council are staggered such that the mayor and two councilmen are elected in even-numbered years, while the other three councilmen are elected in odd-numbered years.

On May 4, 1996, De Alejandro was elected Mayor of Robstown, and Sam Arciniega was elected as a Councilman. Pursuant to a recall election, De Alejandro was removed from office on February 8, 1997. Section 25 of the Robstown City Charter provides for the recall of an officer by petition and recall election, and that his place shall then "be filled in the manner prescribed in this Charter for filling vacancies in such office." Section 11 of the Robstown City Charter provides that, in the event of a vacancy in the office of mayor, the mayor pro tem "shall become mayor until the next regular election, at which election a mayor shall be elected to fill the unexpired term." Accordingly, Arciniega, who had previously been elected by the council as mayor pro tem, served as mayor of Robstown after De Alejandro's removal from office.

The next regular election for city councilmen, though not for the mayor's office, was held on May 3, 1997, at which election De Alejandro ran for, and was elected to, the unexpired term for mayor. At a May 12, 1997, meeting of the Robstown City Council, newly elected Mayor De Alejandro refused to recognize Arciniega as a sitting councilman on the ground that he had resigned his prior seat on the council by assuming the position of mayor during the vacancy.

Arciniega petitioned the district court for injunctive and declaratory relief to restore him to his seat on the council, but made no challenge to De Alejandro's right to assume the office of mayor. The respondent heard the matter on May 23, 1997. It was uncontroverted that Arciniega was sworn into the office of mayor and took over the duties of that office after De Alejandro had been recalled. However, Arciniega testified that he never intended thereby to become more than a temporary mayor or to vacate his council seat. Nevertheless, the trial court itself raised the present question concerning the validity of De Alejandro's election to fill the unexpired term for mayor, and allowed, over the objections of De Alejandro, Arciniega to include by trial amendment a challenge to De Alejandro's right to hold that office. The respondent signed a May 23, 1997, final judgment declaring that the May 3, 1997, election was void and that Arciniega remains the sitting Mayor of Robstown until the next regularly scheduled election for mayor in 1998. That judgment specifically provides:

IT IS THEREFORE ORDERED, ADJUDGED, DECREED, AND DECLARED as follows:

a. Petitioner Sam Arciniega is the sitting and active Mayor for the City of Robstown, Texas, pursuant to the Charter for the City of Robstown, Texas; and

b. Petitioner Sam Arciniega has been the sitting and active Mayor for the City of Robstown, Texas, pursuant to the Charter for the City of Robstown, Texas since February 10, 1997; and

c. Petitioner Sam Arciniega's present position as Mayor for the City of Robstown, Texas, pursuant to the Charter for the City of Robstown, Texas shall exist and continue until the next regularly scheduled election for the position of Mayor for the City of Robstown, Texas to be held in 1998; and

d. The election held on or about May 3, 1997 in regard to the position for Mayor of Robstown, Texas was not the next regularly scheduled election for the office of Mayor of the City of Robstown, and thus was not effective to remove and/or replace Sam Arciniega in his sitting and active positions Mayor of and for the City of Robstown, Texas, under Section 11 of the Charter for the City of Robstown, Texas; and

e. Rene De Alejandro did not become Mayor of and for the City of Robstown, Texas by, through and/or pursuant to the election held on or about May 3, 1997.

De Alejandro brings the present petition for writ of mandamus requesting this Court

to order the trial court to set aside this order. We first address whether mandamus is an appropriate remedy.

■ Mandamus will issue only to correct a clear abuse of discretion or violation of a duty imposed by law when that abuse cannot be remedied by appeal. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992). Although an appeal lies from the present final judgment, we conclude that it does not provide an adequate remedy in this case.

■ Unique and compelling circumstances surrounding an election or party convention may allow mandamus as an appropriate remedy even when an accelerated appeal may also be available. *See Republican Party of Texas v. Dietz,* 940 S.W.2d 86, 93 (Tex.1997) (mandamus appropriate to review temporary injunction which required a political party to provide booth at its convention to a specific interest group within the party). Likewise, in other contexts, mandamus has been held appropriate to nullify an order wrongfully declaring a vacancy in public office. *See Leo v. Mancias,* 885 S.W.2d 268, 270 (Tex.App.-Corpus Christi 1994, orig. proceeding) (declaratory judgment that office of sheriff had been automatically vacated as of date of federal felony verdict returned against sheriff); *Eckels v. Gist,* 743 S.W.2d 330 (Tex.App.— Houston [1st Dist.] 1987, orig. proceeding) (order removing county commissioner from office for conviction of a crime).

In the context of the present order effectively unseating the newly-elected mayor of Robstown, whether or not the proceeding which led to the order can be characterized as an election contest or other such order from which an accelerated appeal could be perfected, the immediate effect of the order is to leave the City of Robstown for an indefinite period of time without certainty as to who holds the office of mayor. Section 11 of the Robstown City Charter provides:

> The mayor shall preside at the meeting of the council and shall be recognized as head of the city government for all purposes as now provided by general law. The council shall elect a mayor pro-tem who shall act as mayor during the absence or disability of the mayor and, if a vacancy occur, shall become mayor until the next regular election, at which election a mayor shall be elected to fill the unexpired term.

This uncertainty, moreover, is generated not by a factual dispute concerning the counting of votes or the eligibility of voters, but by a legal question concerning the interpretation of the city charter. A trial court has no discretion in determining the law or applying it to the facts. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992); *Huie v. De-Shazo,* 922 S.W.2d 920, 927 (Tex.1996). We conclude that the trial court's interpretation of the Robstown City Charter as voiding the recent mayoral election, and thus causing obvious uncertainty and harm to the efficient operation of that city's government, presents the sort of unique and compelling circumstances that will justify mandamus relief even though the more lengthy process of appeal may also be available.[1]

■ However, the real party in interest also argues that the appropriate remedy in the present case is by writ of quo warranto, rather than by writ of mandamus. We agree that quo warranto may be the appropriate initial remedy to challenge a party's right to the office of mayor or councilman. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 66.001 (Vernon 1997). However, in this case, the burden of

---

1. The Amarillo Court of Appeals in *Stevens v. Cain,* 735 S.W.2d 694 (Tex.App.-Amarillo 1987, orig. proceeding) was faced with, but managed to avoid, a similar question when the winner of a contested election for Justice of the Peace faced findings by the district court that his election had been invalid and an order for a new election. The relator there brought a mandamus action to determine whether the district court was empowered to declare that his office was vacant. However, because the decretal portion of the district court's judgment merely ordered a new election, the Amarillo court concluded that the judgment did not itself establish a vacancy or remove the relator from office and that mandamus was not available or necessary to restore him to office. *Id.* at 695. The Amarillo court noted, but avoided addressing whether the question of vacancy may be presented in a mandamus proceeding in view of an accelerated appeal provided by the Texas Election Code. *Id.* at 695. However, unlike *Stevens,* the present judgment does specifically declare in the decretal portion that the election was void and that Arciniega, and not De Alejandro, remains the mayor of Robstown.

bringing forward such a proceeding has been misplaced. Until the trial court declared his election void, De Alejandro was the apparent Mayor of Robstown, entitled to function in that capacity until properly ousted from that office by an election contest or a proceeding in quo warranto. If Arciniega proceeded illegally to oust De Alejandro, and the district court abused its discretion in issuing an order doing so outside the context of either an election contest or a quo warranto proceeding, then it is within this Court's jurisdiction to correct the trial court's order by mandamus. Accordingly, we now turn our attention to the merits of the requested relief.

■ The Robstown City Charter provides for the filling of a vacancy in the office of mayor at the "next regular election." Section 7 of the charter provides for elections to be held annually, which is consistent with the staggered two-year terms established by the charter for mayoral and council positions. However, the trial court concluded that the term "next regular election," as used in Section 11, refers to the next election for the office of mayor, which would be held in May of 1998. De Alejandro contends that it refers more generally to the next date on which regular city elections are held in Robstown, and that he was properly elected to fill the remainder of the mayor's term at the May 1997 city elections. Moreover, De Alejandro also points out that his interpretation is consistent with the charter as a whole. We agree.

■ The charter does not define its use of the term "regular city elections." On its face, the charter does not specifically limit itself to "regular city elections *for mayor*," which must be implied, if at all, by the context of the section in which it is used. We must interpret a city charter by reading it as a whole and harmonizing its various provisions as far as possible, considering every word, phrase, and expression as if each had been deliberately chosen and used for a purpose. *Hammond v. City of Dallas*, 712 S.W.2d 496, 498 (Tex.1986); *City of Corpus Christi v. Unitarian Church of Corpus Christi*, 436 S.W.2d 923, 928 (Tex.Civ.App.— Corpus Christi 1968, writ ref'd n.r.e.).

Accordingly, we must define "next regular election" in harmony with the charter as a whole. Under the trial court's interpretation, the election of a mayor to "fill the unexpired term" of the vacancy would be meaningless if the vacancy could not be filled until that term itself had expired and the new mayoral term begins. Nor do we accept the real party in interest's argument that the unexpired term referred to is the few days between the election and the new term of the next regularly-elected mayor. On the other hand, we see no contradiction with other terms of the charter if "regular city elections" includes the elections in odd-numbered years when other councilmen are normally elected in the middle of the term of office for mayor.

We conclude that the only reasonable interpretation of the city charter's provision for elections to fill the remaining term of a vacancy includes elections in odd-numbered years, and that De Alejandro was properly elected as mayor for the remainder of the term of that office.

■ We now turn to the issue originally before the trial court in the underlying action, i.e., whether Arciniega relinquished his place on the city council when he assumed the office and duties of mayor. With limited exceptions specified therein, the Texas Constitution provides that "[n]o person shall hold or exercise at the same time, more than one civil office of emolument." TEX. CONST. art. XVI, § 40. Accordingly, when the holder of one office *accepts* and qualifies for a second, he automatically relinquishes the first office. *Centeno v. Inselmann*, 519 S.W.2d 889, 890 (Tex.Civ.App.—San Antonio 1975, orig. proceeding) (emphasis added).

Section 11 of the charter provides that upon vacancy in the office of mayor, the mayor pro-tem "shall become mayor," but makes no provision for the acceptance or rejection of that office by the councilman who is then serving as mayor pro-tem. Nevertheless, we conclude that it would be contrary to public policy to hold that the office of mayor is automatically conferred and that the mayor pro-tem has no choice in the matter. Indeed, the act of being sworn into the

office of mayor itself implies that a voluntary acceptance of the office is required.[2]

In the present case, however, Arciniega did not voluntarily accept the permanent position of mayor, but only agreed to continue performing the duties of mayor pending the election of a mayor to serve out the unexpired term. Accordingly, Arciniega accepted nothing more than to continue his role as mayor pro-tem between the recall and the next regular city election. This is consistent with the provisions of Section 11 for the mayor pro-tem merely to *"act as* mayor during the absence or disability of the mayor" (emphasis added). Accordingly, we conclude that Arciniega maintained his seat as a councilman and presently has the right to that position.

We conditionally grant a writ of mandamus ordering the trial court to set aside its May 23, 1997, judgment. However, the writ will not issue unless the trial court fails to render judgment consistent with this opinion.

Dissenting opinion by CHAVEZ, J., joined by FEDERICO G. HINOJOSA, Jr., J.

RODRIGUEZ, J., not participating.

CHAVEZ, Justice, dissenting.

Because I believe that Relator has an adequate remedy at law through an expedited appeal, I would dismiss Relator's motion for leave to file writ of mandamus as improvidently granted.

Relator recognizes in his petition that he has an adequate remedy at law by way of an expedited appeal, and so acknowledged at oral argument. Counsel's argument was that this was the quickest way he could bring this controversy to this court. Mandamus only lies (1) to correct a clear abuse of discretion or violation of duty imposed by law, (2) when no adequate remedy at law exists. *See Walker v. Packer,* 827 S.W.2d 833, 840 (Tex. 1992); *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985) ("Mandamus issues only to correct a clear abuse of discre-

tion or the violation of a duty imposed by law when there is no other adequate remedy by law. *State v. Walker,* 679 S.W.2d 484, 485 (Tex.1984). The court of appeals, therefore, acts in excess of its writ power [abuses its discretion] when it grants mandamus relief absent these circumstances.") In the instant case, an adequate remedy exists—accelerated appeal in the underlying case. Thus, according to the established standard, mandamus is not appropriate in the case at bar.

The majority's reliance upon *Republican Party of Texas v. Dietz,* 940 S.W.2d 86 (Tex. 1997), is misplaced. The facts of that case are distinguishable from those at bar, and do not warrant deviation from established principles governing issuance of the writ. *Republican Party* is factually dissimilar from the case at bar in that the *Republican Party* Court was asked to grant mandamus relief in conjunction with a major state political party convention that was to begin on June 20, 1996. The motion for leave to file a petition for writ of mandamus was filed on June 17, 1996. The court concluded that "(t)he quick eruption and short time frame of this constitutional controversy compelled mandamus review." *Id.,* at 94. Shortness of time is not at issue here. The parties stated to the court that the record was practically complete and ready for filing, that other issues needed to be raised and briefed, and that the case could be submitted to the court at an early date.

The City of Robstown has four other elected or appointed commissioners and a city staff in place. Thus, the city should be able to function while this controversy is pending before the court. The facts of this case do not warrant abrogation of the traditional standard for issuance of the writ. Therefore, I respectfully dissent.

---

**2.** To hold otherwise would encourage the sort of political games alluded to by the real party—i.e., the ability of a mayor to unseat the councilman serving as mayor pro-tem by an eleventh-hour resignation at the end of the regular mayoral term that would automatically remove the councilman from his seat and potentially prevent him from serving the remaining year of his term as councilman.