

# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

April 10, 2003

The Honorable John Whitmire
Chair, Criminal Justice Committee
Texas State Senate
P.O. Box 12068
Austin, Texas 78711

Opinion No. GA-0057

Re: Whether an individual may simultaneously serve as a member of a city council and a Selective Service Local Board  (RQ-0616-JC)

Dear Senator Whitmire:

Your predecessor as Chair of the Senate Criminal Justice Committee asked whether a city councilman's acceptance of a position on a Selective Service Local Board serves as an automatic resignation of his city council position.[1] Selective Service Local Boards ("local boards") are civilian boards established under the Military Selective Service Act, 50 U.S.C. app. §§ 451-473 (2000), to hear and determine claims about inclusion in and exemption or deferment from mandatory induction into military service. *See id.* § 460(b)(3); *see also* 32 C.F.R. §§ 1602.14, 1633.2(c)-(f) (2002).

The individual was elected to the Wharton City Council in May 1999.[2] In the year 2000, he was asked by a member of the local board if he was interested in a position on the board, and he indicated that he was. *See* Webb Brief, *supra* note 2, at 1. In August 2001, he completed the necessary paperwork, and the Director of the Selective Service System sent him a letter dated August 8, 2001, appointing him in the name of the President a member of the local board in the State of Texas. *See id.* A Certificate of Appointment dated August 8, 2001, accompanied the letter.[3] The individual contends that he did not qualify as a local board member because he did not receive the required training. *See* Webb Brief, *supra* note 2, at 2. The Certificate of Appointment demonstrates that he was appointed as a local board member and was authorized to fulfill the duties of that office, while the letter of appointment welcomed him to the Selective Service System and informed him that he would be contacted about training in Selective Service policies and procedures within a few months. Thus, the documents from the Selective Service System show that training was not

---

[1]*See* Letter and attachments from Honorable Kenneth Armbrister, Chair, Criminal Justice Committee, Texas State Senate, to Honorable John Cornyn, Texas Attorney General (Oct. 3, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

[2]*See* Brief from Paul Webb, Attorney at Law, to Honorable Kenneth Armbrister at 1 (Aug. 26, 2002) (attachment to Request Letter) [hereinafter Webb Brief].

[3]*See* Certificate of Appointment and Letter from Alfred Rascon, Selective Service System, to Domingo Montalvo (Aug. 8, 2001) (attachments to Request Letter).

necessary to qualify for membership on the local board. On July 7, 2002, the Wharton mayor informed the city councilman of the possibility that he had resigned his city council position upon accepting the appointment to the local board.[4] The city councilman immediately resigned his position on the local board.

Article XVI, section 12 of the Texas Constitution states:

> No member of Congress, nor person holding or exercising any office
> of profit or trust, under the United States, or either of them, or under
> any foreign power, shall be eligible as a member of the Legislature,
> or hold or exercise any office of profit or trust under this State.

TEX. CONST. art. XVI, § 12.

Pursuant to this constitutional provision, a person holding an office of trust under state law who accepts an "office of profit or trust, under the United States," *id.*, will automatically vacate the office held under state law. In *Lowe v. State*, 201 S.W. 986 (Tex. Crim. App. 1918), a defendant convicted of murder challenged the authority of the special judge who tried the case. The regular judge became an officer in the National Guard and was placed on the federal payroll. The court stated that "when an officer of the state accepts an office of profit in the military service of the United States, his tenure as judge ceases by virtue of the constitutional provision contained in article 16, § 12."[5] *Lowe*, 201 S.W. at 987. Although the regular judge vacated his office on the date following the election of the special judge, the special judge was authorized to continue to preside over the court. *See id.* Attorney general opinions also state that a person who holds an office of profit under this state will automatically resign that office if he or she accepts and qualifies for a federal office of profit or trust in violation of Texas Constitution article XVI, section 12. *See* Tex. Att'y Gen. Op. Nos. DM-49 (1991) at 4 (justice of Texas Supreme Court may not serve as board member of State Justice Institute); O-5317 (1943) at 2 (if legislator accepts a federal office he will automatically forfeit and vacate his legislative office).

Judicial decisions under Texas Constitution article XVI, section 40 apply the rule of automatic vacation of office followed in *Lowe*. Article XVI, section 40 of the Texas Constitution provides that "[n]o person shall hold or exercise at the same time, more than one civil office of

---

[4]*See* Letter from Garland S. Novosad, Mayor, City of Wharton, to Domingo Montalvo, Member, Selective Service System (July 7, 2002) (attachment to Request Letter).

[5]Article XVI, section 12 of the Texas Constitution no longer bars members of the National Guard from serving as state officers. Amendments to Texas Constitution article XVI, sections 33 and 40 adopted after the *Lowe* case permit officers and enlisted members of the National Guard and other military personnel to hold public office or employment in Texas. *See Cramer v. Sheppard*, 167 S.W.2d 147, 151-52 (Tex. 1942); *see also* Tex. S.J. Res. 7, 39th Leg., R.S., 1925 Tex. Gen. Laws 680. The amendments to article XVI, sections 33 and 40 were held to be applicable to article XVI, section 12 as well. *See Carpenter v. Sheppard*, 145 S.W.2d 562, 567 (Tex. 1940) *cert. denied* 312 U.S. 697 (1941).

emolument,"[6] subject to exceptions stated in the constitutional provision. In *Pruitt v. Glen Rose Indep. Sch. Dist.*, 84 S.W.2d 1004 (Tex. 1935), the Texas Supreme Court determined that when the tax collector for the Glen Rose Independent School District was elected to and qualified for the office of sheriff and tax collector of Somervell County, "he automatically forfeited his right to the office of collector for the school district, because the holding of both said offices at the same time by the same person is within the prohibition of article 16, § 40, of our State Constitution." *Pruitt*, 84 S.W.2d at 1006. The *Pruitt* court stated the rule of automatic vacation of office as follows: "If a person holding an office is elected or appointed to another (where the two offices cannot be legally held by the same person) and he accepts and qualifies as to the second, such acceptance and qualification operate, ipso facto, as a resignation of the former office." *Id.* When the school district's tax collector was elected to and qualified for the second office, and article XVI, section 40 prohibited him from holding both offices at the same time, he was deemed to have chosen the second office and to have resigned the first office. *See id.* at 1006-07; *see also State ex rel. Kingsbury v. Brinkerhoff*, 17 S.W. 109, 110 (Tex. 1886) (elected city secretary who accepted and qualified for office of city recorder ipso facto resigned the office of city secretary), *Biencourt v. Parker*, 27 Tex. 558 (1864) (notary public's election to and qualification for office of county clerk automatically vacated office of notary), *Centeno v. Inselmann*, 519 S.W.2d 889, 890 (Tex. Civ. App.–San Antonio 1975, no writ) (trustee of city public service board would automatically relinquish that office if elected to and qualified for city council); *cf. Alejandro v. Hunter*, 951 S.W.2d 102, 105-06 (Tex. App.–Corpus Christi 1997, no writ) (when mayor pro tem agreed to perform the duties of mayor following recall of elected mayor, he did not vacate office of mayor pro tem).

An elected city council member holds an "'office or position of . . . trust . . . under this State.'" *See Boyett v. Calvert*, 467 S.W.2d 205, 208-09 (Tex. Civ. App.–Austin 1971, writ ref'd n.r.e.) (quoting former language of Texas Constitution article XVI, § 33); *see also* TEX. CONST. art. XVI, § 33 interpretive commentary (Vernon 1993). Thus, if a city council member is appointed to and qualifies for an office of profit or trust under the United States, he or she will automatically cease to be a city council member.

The position of local board member is created by federal law and board members are appointed by the President. *See* 50 U.S.C. app. § 460(b)(3) (2000). Thus, this position is held "under the United States" for purposes of article XVI, section 12 of the Texas Constitution. *See* Tex. Att'y Gen. Op. No. MW-360 (1981) at 3. It is not a position of profit because a federal regulation provides that a local board member is uncompensated. *See* 32 C.F.R. § 1609.1 (2002). To determine whether a person is a public officer, we apply the following test approved by the Texas Supreme Court in *Aldine Independent School District v. Standley*, 280 S.W.2d 578 (Tex. 1955): "'[T]he determining factor which distinguishes a public officer from an employee is whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public largely independent of the control of others.'" *Aldine*, 280 S.W.2d at 583 (quoting *Dunbar v. Brazoria Co.*, 224 S.W.2d 738, 740-41 (Tex. Civ. App.–Galveston 1949, writ ref'd)). *See also Green v. Stewart*, 516 S.W.2d 133, 135-36 (Tex. 1974); Tex. Att'y Gen. Op. No. DM-49 (1991) at 5.

---

[6]A "civil office" within Texas Constitution article XVI, section 40 is a public office "that pertains to the exercise of the powers or authority of civil government" and "emolument" is "a pecuniary profit, gain or advantage." *State ex rel. Hill v. Pirtle*, 887 S.W.2d 921, 931 (Tex. Crim. App. 1994) (en banc) (assistant attorney general is not an officer within article XVI, section 40, Texas Constitution).

This office has twice held that a member of a local board occupies an office of trust under the United States. *See* Tex. Att'y Gen. Op. Nos. MW-360 (1981) at 3; O-5550 (1943) at 3-5. Attorney General Opinion MW-360 considered whether an elected state, county or city officer could serve as a local board member of the Selective Service System. It noted that "[t]he federal government recently re-established such boards and placed them in stand-by status, in the event a military draft is again imposed." Tex. Att'y Gen. Op. No. MW-360 (1981) at 1. Attorney General Opinion MW-360 concluded that the following federal law delegated some of the sovereign functions of the United States government to members of local boards:

> Such local boards, or separate panels thereof each consisting of three or more members, shall, under rules and regulations prescribed by the President, have the power within the respective jurisdictions of such local boards to hear and determine, subject to the right of appeal to the appeal boards herein authorized, all questions or claims with respect to inclusion for, or exemption or deferment from, training and service under this title . . . of all individuals within the jurisdiction of such local boards. The decisions of such local boards shall be final, except where an appeal is authorized . . . .

50 U.S.C. app. § 460(b)(3) (2000). *See* 32 C.F.R. §§ 1605.51-.59 (2002) (composition and jurisdiction of local boards). *See also Arver v. United States*, 245 U.S. 366, 389 (1918); *Talmanson v. United States*, 386 F.2d 811, 812 (1st Cir. 1967), *cert. denied*, 391 U.S. 907 (1968) (upholding delegation of discretionary authority to local boards).

Attorney General Opinion MW-360 acknowledged that the local boards were on standby status, but it did not consider the implications of their standby status or of the absence of a draft. The Military Selective Service Act provides that "no person shall be inducted for training and service in the Armed Forces after July 1, 1973, except persons now or hereafter deferred . . . after the basis for such deferment ceases to exist." 50 U.S.C. app. § 467(c) (2000); *see also id.* § 454(c) (provision for voluntary induction in Regular Army). The Selective Service System is maintained as "an active standby organization, with . . . a complete registration and classification structure capable of immediate operation in the event of a national emergency." *Id.* § 460(h). Local boards are maintained in "standby status." *See* 32 C.F.R. § 1609.3(a)(6) (2002). The present status of local boards raises an issue of whether they and their members exercise governmental authority under the Military Selective Service Act.

The governmental authority vested in a local board is the power to consider and determine claims from Selective Service registrants who have received an order to report for induction. 50 U.S.C. app. § 460(b)(3) (2000); 32 C.F.R. §§ 1633.2(c)-(f), 1648.1 (2002); *see also id.* § 1648.6 (registrants transferred for classification). A local board's exercise of this authority is contingent upon the federal government's issuance of induction orders. Federal law, however, provides that no one shall be inducted into the Armed Services, *see* 50 U.S.C. app. § 467(c) (2000), thereby effectively suspending the discretionary authority of local boards. At present, a local board cannot exercise "any sovereign function of the government," *Aldine*, 280 S.W.2d at 583, and its members therefore do not have the powers of public officers. Local boards still have functions that are relevant to their standby status, such as keeping records and undergoing training. *See* 50 U.S.C. app.

§ 465(b) (2000) (registrant must keep local board informed of his current address). In contrast to a local board's substantive authority to hear and determine claims of exemptions or deferment from conscription, a board's present functions do not involve any exercise of discretion or judgment. *See generally Downing v. Brown*, 935 S.W.2d 112, 114 (Tex. 1996) ("Ministerial actions require obedience to orders or the performance of a duty to which the actor has no choice."), *First Nat'l Bank v. McElroy*, 112 S.W. 801, 804 (Tex. Civ. App.–Texarkana 1908, no writ) ("duties of a recording officer are ministerial"); Tex. Att'y Gen. Op. No. O-7487 (1946) at 3 (secretary to local board does not hold an office of profit or trust under the United States).

The authority of a local board member is analogous to that of the national guard officer in *Ex parte Dailey*, 246 S.W. 91 (Tex. Crim. App. 1922). The court upheld a district judge's authority to commit the relator for contempt, determining that the judge had not vacated his office when he was commissioned as captain in the Texas National Guard. *See Dailey*, 246 S.W. at 92-4. The judge had been appointed and commissioned by the Governor of Texas, and he would not be subject to the President's orders until the Texas National Guard was called into the actual service of the nation. *See id.* at 92. Thus, the judge did not hold a federal office under Texas Constitution article XVI, section 12, and he had not vacated his judicial office pursuant to that constitutional provision. *See id.* The *Dailey* opinion however "intimated . . . that the decision would have been otherwise had the officer been called into active federal military service." *Cramer v. Sheppard*, 167 S.W.2d 147, 151 (Tex. 1942).[7]

Moreover "[a]ny constitutional or statutory provision which restricts the right to hold office must be strictly construed against ineligibility." *Wentworth v. Meyer*, 839 S.W.2d 766, 767 (Tex. 1992). "[I]t follows that if a constitutional provision uncertain of meaning is susceptible of two reasonable interpretations, the least exclusionary must be utilized." *Id.* at 769 (Gonzalez, J., concurring). Following this rule of construction, we read article XVI, section 12 as applying only to persons who may actually exercise federal governmental authority under the United States. Because a local board member does not have such authority at the present time, he or she does not hold an office of trust under federal law within that constitutional provision.

Information provided by the Selective Service System states that in the event of a return to conscription the local boards would be "activated throughout the nation."[8] If Congress acts to reinstate the draft, local board members will be vested with governmental powers and will hold an office of trust under federal law, and article XVI, section 12 of the Texas Constitution will bar local board members from also holding or exercising any office of profit or trust under this state.

When the Wharton city councilman accepted a position on a "standby" local board, he did not resign his office as city councilman nor did he resign his office at any time during his service. Attorney General Opinion MW-360 (1981) is modified in accord with this opinion.

---

[7]Article XVI, section 12 of the Texas Constitution no longer bars members of the National Guard from serving as state officers. *See supra*, note 5.

[8]*See* SELECTIVE SERVICE SYSTEM, FAST FACTS: HOW WOULD SELECTIVE SERVICE CONDUCT A RETURN TO CONSCRIPTION? at 1; *available at* http://www.sss.gov/FShow%20would.htm.

## S U M M A R Y

Article XVI, section 12 of the Texas Constitution provides that no one holding or exercising any office of trust under the United States is eligible to hold an office of trust under this state. If a person who holds an office of trust under Texas law accepts an office of trust under the United States, he automatically resigns his Texas office.

A member of a Selective Service Local Board does not at present occupy an office of trust under the United States because a local board's governmental powers are exercised only in the event of mandatory induction into the military services, and federal law does not today provide for conscription. The Selective Service System, including local boards, is currently on standby status. A city councilman who accepts an appointment to a local board at the present time does not accept an office of trust under federal law and therefore does not automatically resign from the city council position. Should conscription be reinstated, members of local boards would at that time hold governmental authority. Attorney General Opinion MW-360 (1981) is modified in accord with this opinion.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General - Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee