

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

June 7, 2007

The Honorable John W. Segrest
McLennan County Criminal District Attorney
219 North 6th Street, Suite 200
Waco, Texas 76701

Opinion No. GA-0550

Re: Effect of constable's constructive resignation prior to the county's redistricting that abolished the constable's precinct (RQ-0554-GA)

Dear Mr. Segrest:

You ask about the effect of a constable's constructive resignation prior to the county's redistricting that abolished the constable's precinct.[1] You relate that McLennan County previously was divided into eight justice of the peace and constable precincts pursuant to article V, section 18 of the Texas Constitution. *See* Request Letter, *supra* note 1, at 1. Article V, section 18 governs constable precincts generally and provides for transition following redistricting, as will be discussed in more detail below. *See* TEX. CONST. art. V, § 18.

Kenneth Lee Brown has served as both constable of McLennan County Precinct 6 and as a city council member of Moody, Texas for several years.[2] He was reelected as constable of Precinct 6 for a four-year term beginning January 1, 2005. *See* Segrest Letter of Aug. 31, 2006, *supra* note 2, at 2. In November of that year he was reelected to the city council and began serving a new term in January 2006. *See id.* In 2006, the Commissioners Court redistricted McLennan County's constable precincts, abolishing Precinct 6 with a stated effective date of August 24, 2006. *See* Request Letter, *supra* note 1, at 1.[3] The Commissioners Court received legal advice that (1) while simultaneous service as constable and city council member is not unlawful per se, when Brown

---

[1] *See* Letter from Honorable John W. Segrest, McLennan County Criminal District Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 2–3 (Nov. 17, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2] *See* Letter attached to Request Letter from Honorable John W. Segrest, McLennan County Criminal District Attorney, to Honorable Jim Lewis, McLennan County Judge, at 2 (Aug. 31, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Segrest Letter of Aug. 31, 2006].

[3] The U.S. Department of Justice approved the redistricting on October 18, 2006. *See* Letter attached to Request Letter from John Tanner, Chief, Voting Section, U.S. Department of Justice, to David M. Guinn and Michael D. Morrison, Guinn and Morrison (Oct. 18, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us). "Preclearance is the final step in the process of redistricting. If the apportionment plan is not precleared, it is not 'effective as law,' and cannot be implemented." *Branch v. Smith*, 538 U.S. 254, 311 (2003) (O'Connor, J., concurring in part and dissenting in part).

declared candidacy for reelection to the city council he constructively resigned as constable; (2) following Brown's constructive resignation, he held over in office as constable; and (3) Brown's holdover service could be terminated by appointing a successor constable. *See* Segrest Letter of Aug. 31, 2006, *supra* note 2, at 2–6. On October 31, 2006, the Commissioners Court selected a constable to succeed Brown. *See* Request Letter, *supra* note 1, at 2. In light of this sequence of events, you raise the following issues:

> 1. Whether article V, section 18(c) of the constitution, which provides for a constable's continuing service following precinct redistricting, applies to a constable who has constructively resigned under article XVI, section 65 but continues to serve as a holdover officer under article XVI, section 17; and

> 2. If so, whether a successor to such a constable may be appointed to serve the remainder of the constable's term.

*See id.* at 2–3. Your questions require consideration of the interrelation of (1) the dual office-holding provisions of article XVI, section 40 of the Texas Constitution and the concomitant common-law incompatibility doctrine; (2) the resign-to-run provisions of article XVI, section 65; (3) the office-holdover provisions of article XVI, section 17; and (4) the transitional redistricting provisions of article V, section 18.

## I.     Dual Office Holding and Common-Law Incompatibility

A preliminary issue is whether a person may hold the offices of constable and city council member simultaneously. The Texas Constitution and the common law both prohibit dual office holding in certain circumstances. Article XVI, section 40 of the constitution does not allow a person to hold more than one office of emolument at the same time. *See* TEX. CONST. art. XVI, § 40; *De Alejandro v. Hunter*, 951 S.W.2d 102, 106 (Tex. App.—Corpus Christi 1997, orig. proceeding) (a person who accepts a second office of emolument automatically resigns the first office). The common-law doctrine of incompatibility prohibits a person from holding two offices that impose inconsistent or conflicting duties. *See Turner v. Trinity Indep. Sch. Dist. Bd. of Trs.*, 700 S.W.2d 1, 2 (Tex. App.—Houston [14th Dist.] 1983, no writ).[4] Dual office holding does not offend this aspect of the common law, however, when "neither office is accountable to, under the dominion of, or subordinate to the other, and neither has any right to interfere with the other in the performance of any official duty." *Id.*

You have not asked whether the offices of county constable and city council member of Moody, Texas are compatible under the constitution and the common law, nor have you provided

---

[4]The common-law doctrine of incompatibility also prohibits a person "from appointing himself to another public position, or from holding both an office and an employment subordinate to the office." Tex. Att'y Gen. Op. No. GA-0488 (2006) at 2; *see also Ehlinger v. Clark*, 8 S.W.2d 666, 674 (Tex. 1928). Because neither a constable nor a city council member appoints or employs the other, these aspects of common-law incompatibility are not at issue here.

information about the offices that would help resolve the issue. Rather, your questions assume that the offices of county constable and Moody, Texas city council member are compatible. *See* Request Letter, *supra* note 1, at 2–3; *see also* Segrest Letter of Aug. 31, 2006, *supra* note 2, at 3 (opining that the offices are compatible); Tex. Att'y Gen. Op. No. WW-1316 (1962) at 2–3 (concluding that the offices of constable and uncompensated alderman are not incompatible under the constitution or the common law). Thus, we likewise will assume that the offices here are compatible as we address your questions. However, as we have noted on another occasion, even when two offices are compatible and may be held by one person simultaneously, the constitution's resign-to-run provisions may complicate dual office holding in the long term, as we presently discuss. *See* Tex. Att'y Gen. Op. No. GA-0468 (2006) at 3.

## II.    Resign to Run

Article XVI, section 65 of the constitution specifies circumstances that constitute a constructive resignation when an officeholder runs for another office:

> If [certain district, county, and precinct officers, including constables] shall announce their candidacy, or shall in fact become a candidate, . . . for *any office of profit or trust* under the laws of this State or the United States other than the office then held, at any time when the unexpired term of the office then held shall exceed one (1) year, such announcement or such candidacy shall constitute an automatic resignation of the office then held, and the vacancy thereby created shall be filled pursuant to law in the same manner as other vacancies for such office are filled.

TEX. CONST. art. XVI, § 65 (emphasis added). Although no court has addressed the question, this office has determined that a city council member occupies an office of profit or trust. *See* Tex. Att'y Gen. Op. Nos. GA-0057 (2003) at 3 (advising that city council member holds an "office of profit or trust" under Texas Constitution article XVI, § 12), JM-553 (1986) at 2 (advising that a home-rule city council member holds an office of trust under Texas Constitution article XVI, section 65), JM-395 (1985) at 4 (advising that general-law city council member holds an office of trust under Texas Constitution article XVI, section 65). Brown had more than one year left in his unexpired term as constable when he successfully ran for reelection as city council member, an office of profit or trust. Consequently, Brown automatically resigned as constable when he became a candidate for city council for the November 2005 election.

## III.    Office Holdover

Next we consider whether Brown's constructive resignation terminated his duty to continue in office as constable. Article XVI, section 17 of the constitution, known as the "holdover provision," states: "All officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified." TEX. CONST. art. XVI, § 17. The purpose of this provision "is to prevent vacancies in office and a consequent cessation of the functions of

government." *Plains Common Consol. Sch. Dist. No. 1 v. Hayhurst*, 122 S.W.2d 322, 326 (Tex. Civ. App.—Amarillo 1938, no writ) (citation omitted). Where it applies, the holdover provision is mandatory. *See id.*[5] Accordingly, an officer's authority and responsibilities continue undiminished during such holdover service. An officer who holds over pursuant to the constitution is a de jure officer possessing all the authority of the office, as well as the right to continue receiving compensation. *See Delamora v. State*, 128 S.W.3d 344, 356 (Tex. App.—Austin 2004, pet. ref'd).

Not even an officer's voluntary resignation will terminate the officer's duty to serve as a holdover officer under article XVI, section 17. *See Willmann v. City of San Antonio*, 123 S.W.3d 469, 481 (Tex. App.—San Antonio 2003, pet. denied) (citing Tex. Att'y Gen. Op. No. H-161 (1973) at 2); *Crawford v. State*, 153 S.W.3d 497, 505 (Tex. App.—Amarillo 2004, no pet.) (holding that constable who resigned continued as a holdover officer even though commissioners court failed to select a successor and was unlikely to select a successor). "Under the Constitution an officer cannot arbitrarily divest himself of the obligation and authority to perform the duties of his office until his successor qualifies; and even though he resigns and his resignation is accepted, the law operates to continue him in office until his successor qualifies." *Hayhurst*, 122 S.W.2d at 326–27 (quoting 34 TEX. JUR. 370–71 (1934)).

While the courts have established that an officer who tenders a resignation continues to serve as a holdover officer, no court has addressed whether the same principles apply to an officer whose resignation is constructive under article XVI, section 65. However, the policy animating article XVI, section 17—continuity in the functioning of government—applies whether a qualified officer's resignation is actual or is constructive under article XVI, section 65. Accordingly, this office has consistently opined that article XVI, section 17 applies to hold over an officer who constructively resigns under article XVI, section 65 by running for another office. *See* Tex. Att'y Gen. Op. Nos. JC-0318 (2000) at 5, DM-377 (1996) at 5, H-161 (1973) at 2, WW-1253 (1962) at 3. Here, Brown's duty to serve as constable did not end when he automatically resigned by running for reelection to the city council. Next we consider whether Brown's duty to serve as a holdover officer continued after the Commissioners Court abolished Precinct 6.

## IV.     Transition Following Redistricting of Constable Precincts

Article V, section 18(a) of the constitution provides for the commissioners court to divide the county into precincts. *See* TEX. CONST. art. V, § 18(a). Generally, each precinct is to be served by a constable who "shall hold his office for four years and until his successor shall be elected and qualified." *Id.* Section 18(c) provides for transition in the event a commissioners court changes precinct boundaries:

---

[5]Article XVI, section 17 of the constitution does not authorize an officer to hold over in one office after accepting and qualifying for a second office if the offices are incompatible under the constitution or the common law. *See Pruitt v. Glen Rose Indep. Sch. Dist.*, 84 S.W.2d 1004, 1007 (Tex. 1935) (concerning holdover and dual officeholder provisions of the constitution); Tex. Att'y Gen. Op. No. GA-0015 (2003) at 5 (concerning holdover and the common-law incompatibility doctrine). As noted in section I, *supra*, we assume that the offices of constable and city council member of Moody, Texas are not incompatible.

> When the boundaries of justice of the peace and constable precincts are changed, each Justice and Constable *in office on the effective date of the change*, or elected to a term of office beginning on or after the effective date of the change, *shall serve in the precinct in which the person resides for the term to which each was elected or appointed*, even though the change in boundaries places the person's residence outside the precinct for which he was elected or appointed, abolishes the precinct for which he was elected or appointed, or temporarily results in extra Justices or Constables serving in a precinct.

TEX. CONST. art. V, § 18(c) (emphasis added). Under subsection (c), an order abolishing a precinct does not terminate the constable's duty to serve the current term of office for which the constable was elected or appointed. *See id.* Such a constable continues to hold a public office, which is

> the right, authority, and duty created and conferred by law, by which, for a given period, either fixed by law, or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government, to be exercised by him for the benefit of the public.

*Dunbar v. Brazoria County*, 224 S.W.2d 738, 740–41 (Tex. Civ. App.—Galveston 1949, writ ref'd) (quoting *Kimbrough v. Barnett*, 55 S.W. 120, 122 (Tex. 1900)). Under article V, section 18(c), the constable's duties of office do not change after the constable's prior precinct has been abolished by redistricting. *See* Tex. Att'y Gen. Op. No. JC-0462 (2002) at 3 (advising that no "law changes a constable's duties in a precinct where two constables are temporarily serving because of a boundary change"). Nor does such redistricting change the constable's term of office. *See* TEX. LOC. GOV'T CODE ANN. § 81.021(b) (Vernon 1999). The only change expressed in article V, section 18(c) is the precinct in which the constable shall serve.

Article V, section 18(c)'s key requirement is that the constable must be "in office on the effective date" of the change in precinct boundaries. *See* TEX. CONST. art. V, § 18(c). But that section does not qualify its directive based on the particular circumstance that cause a person to be "in office" on the effective date. Brown was a de jure constable on the effective date of the Commissioners Court order changing precinct boundaries, albeit by virtue of his holdover status. As a de jure constable, Brown was "in office" on the order's effective date. *See Hayhurst*, 122 S.W.2d at 326–27 ("the law operates to continue [a holdover officer] in office until his successor qualifies"). Therefore, under article V, § 18(c), Brown had a duty to serve as a constable in the newly drawn precinct in which he resided.

We conclude that abolishing precinct 6 did not terminate Brown's duty under article V, section 18(c) of the constitution to serve as a constable in the new precinct in which he resided for the term to which he had been elected. Different "provisions of a Constitution which relate to the same subject-matter should be construed together and considered in the light of each other," and effect must be given to each part. *Collingsworth County v. Allred*, 40 S.W.2d 13, 15 (Tex. 1931).

To give effect to article XVI, section 65 and article XVI, section 17, we must conclude that redistricting did not change the import of Brown's constructive resignation or his status as a holdover officer. Accordingly, upon redistricting Brown had the duty to serve as constable in his precinct of residence until his successor qualified or until the end of the term for which Brown had been elected, whichever might occur first. And because Brown was succeeded as constable, the successor has the duty to serve the remainder of Brown's four-year term that began January 1, 2005.

## S U M M A R Y

A person who constructively resigns the office of constable by declaring candidacy for another office of profit or trust holds over in office as constable until a successor qualifies. A constable who is in office as a holdover officer on the effective date of a commissioners court order that changes precinct boundaries has the duty to serve as constable in the precinct of the constable's residence until his successor qualifies or until the end of the term for which the constable was elected or appointed. A person who qualifies to succeed such a constable must serve the remainder of the holdover constable's term to which he was elected.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee